**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Criminal No. AMD-04-029 |
| | : | |
| WILLIE MITCHELL, et al. | : | |
| | : | |

...oooOooo...

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, through its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Robert R. Harding and Michael Hanlon, Assistant United States Attorneys for said District, requests this Honorable Court to instruct the jury in the above-captioned matter in accordance with the proposed instructions annexed hereto, in addition to, but not limited to, its usual instructions in a criminal case.  The government further requests this Honorable Court, in accordance with Rule 30 of the Federal Rules of Criminal Procedure, to inform counsel of its proposed action upon the requested instructions prior to counsels' arguments to the jury.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By:_____
Robert R. Harding
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

**TABLE**

General Instructions                                          3

Count One                                                    17

       Racketeering Act 1                       24

       Racketeering Act 2                       25

       Racketeering Act 3                       25

       Racketeering Act 4                       26

       Racketeering Act 5                       26

       Racketeering Act 6                       27

       Racketeering Act 7                       27

       Racketeering Act 8                       27

       Racketeering Act 9 & Count 8             29

Counts Two, Four, Five, Six and Seven                        43

Counts Nine, Ten, Twelve and Fifteen                         56

Counts Eleven, Thirteen, Fourteen and Sixteen                62

Counts Seventeen and Eighteen                                69

Count Nineteen                                               76

Substantive Counts - Aiding & Abetting                       82

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1

The government requests the following standard instructions from L. Sand and J. Siffert, Modern Federal Jury Instructions:

Instruction 2-2   -  Role of the Court

Instruction 2-3   -  Role of the Jury

Instruction 2-5   -  The Government as a Party

Instruction 2-12 -  Sympathy

Instruction 2-18 -  Jury to Consider Only This Defendant

Instruction 3-1   -  Indictment is not Evidence

Instruction 4-1   -  Presumption of Innocence and Burden of Proof

Instruction 4-3   -  Number of Witnesses and Uncontradicted Testimony

Instruction 4-4   -  Specific Investigation Techniques Not Required

Instruction 5-3   -  Questions

Instruction 6-18 -  Using Motive for Intent

Instruction 6-21 -  Knowledge from Probability

Instruction 7-1   -  Witness Credibility -- General Instruction

Instruction 7-21 -  Expert Witness (Generally)

Instruction 9-1   -  Punishment

Instruction 9-4   -  Submitting the Indictment

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2**

(Testimony, Exhibits and Stipulations in General)


The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence and stipulations.

Exhibits which have been marked for identification but not received may not be considered by you as evidence.  Only those exhibits received may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witnesses' answers are evidence and you are not to consider questions as evidence.  Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.



L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 5-4 (modified)

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3**

(Inference Defined)


I have mentioned that you may draw reasonable inferences from the evidence.  An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw but not required to draw from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical reasonable

inferences drawn from such evidence, you must be satisfied of the guilt of a defendant beyond a reasonable doubt before you may convict.

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, No. 6-1 (modified)

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4

(Direct and Circumstantial Evidence)

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses -- what he sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that once you entered the courtroom, you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 5-2

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5

(Stipulation of Facts)

In this case, the parties have entered into certain stipulations.  A stipulation is an agreement among the parties that certain facts are true.  You must regard such agreed facts as true.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 5-6

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6

(Knowingly)


In order to sustain its burden of proof, the government must prove that the defendants acted knowingly.  A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether the defendants acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.


L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 3A-1

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

(Proof of Intent)

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind.  But you may infer the defendants' intent from the surrounding circumstances.  You may consider any statement made and any act done or omitted by the defendants, and all other facts and circumstances in evidence which indicate his state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  As I have said, it is entirely up to you to decide what facts to find from the evidence.

Devitt & Blackmar, Federal Jury Practice and Instructions, Section 14.13 (modified)

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8

(Accomplices Called by the Government)

You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the indictment.  There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them.  It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here.  Nor will I repeat all of the arguments made on both sides.  However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth.  Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, No. 7-5

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9

(All Available Evidence Need not be Produced)

The law does not require the prosecution to call as witnesses all who have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

Devitt & Blackmar, Federal Jury Practice and Instructions, Section 17.18 (modified)

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 10**

(The Indictment)

The indictment in this case contains nineteen counts.   You will have the indictment with you in the jury room for your deliberations.  Because of the length of the indictment, I suggest that each of you now refer to the indictment and follow along as I explain the law applicable to each count of the indictment.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11

(Failure to Name a Defendant)

You may not draw any inference, favorable or unfavorable, towards the government or the defendants on trial, from the fact that certain persons were not named as defendants in the indictment.  The circumstances that these persons were not indicted must play no part in your deliberations.

Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendants on trial.

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, No. 3-4

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12**

("On or About" -  Proof of)

You will note the indictment charges that the offenses were committed "on or about" or "in or about" a certain date.  The proof need not establish with certainty the exact date of the alleged offenses.  It is sufficient if the evidence in this case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

Devitt & Blackmar, Federal Jury Practice and Instructions, Section 13.05 (modified).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 13

(Count One: The RICO Conspiracy Count-
The Indictment and the Statute)

Count one of the indictment charges all of the defendants with conspiracy to violate the Racketeer Influenced and Corrupt Organizations statute.  This means that defendant has been charged conspiracy to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity.  Count one of the indictment reads as follows:

[The government respectfully requests that the Court read count 1]

The defendants are charged with violating section 1962(d) of Title 18 of the United States Code.  That section reads as follows:

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a),(b), or © of this section.


L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 52-26.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 14

(Prejudice From the Word Racketeering)

The word "racketeering" has certain implications in our society.  Use of that term in this statute and this courtroom should not be regarded as having anything to do with your determination of whether the guilt of this defendant has been proven.  The word is only a term used by Congress to describe the statute.

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, No. 52-18.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 15

(Count One: The RICO Conspiracy Count-
Elements of the Offense)


In order to prove the defendants violated the RICO conspiracy statute, the government must establish beyond a reasonable doubt each of the following elements:

First, that an enterprise existed as alleged in the indictment;

Second, that the enterprise affected interstate or foreign commerce;

Third, that the defendant was associated with or employed by the enterprise;

Fourth,  that the defendant knowingly and willfully became a member of the conspiracy.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 52-28.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 16

(Count One:  RICO Conspiracy Count:  First
Element -- The Enterprise)

The first element the government must prove beyond a reasonable doubt is that an enterprise existed as alleged in the indictment.

The statute makes clear that an enterprise may be a group of individuals who are associated together for a common purpose of engaging in a course of conduct over a period of time.  In addition to having a common purpose, this group of people must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit.  This group of people does not have to be a legally recognized entity, such as a partnership or corporation.  The group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.

The Indictment charges that the following enterprise existed:

[The Court is respectfully requested to read
paragraphs One through Five  of Count One of the
Fourth Superseding Indictment describing the
enterprise.]

If you find that there was a group of people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and (3) by personnel who function as a continuing unit, then you may find that an enterprise existed.

If you find that the enterprise existed, then you must also determine whether this enterprise continued in an essentially unchanged form during substantially the entire period charged in the indictment.  This does not mean that everyone involved has to be the same, but the core of the enterprise has to be the same throughout.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 52-29 (modified).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 17

(Count One: RICO Conspiracy Count: Second
Element -- Effect On Interstate Commerce)

The second element the government must prove beyond a reasonable doubt is that the enterprise engaged in or had an effect on interstate or foreign commerce.

Interstate commerce includes the movement of goods, services, money and individuals between the states or between the United States and a foreign state or nation.

The government must prove that the enterprise engaged in or affected interstate commerce in any way, no matter how minimal.  It does not have to prove that racketeering activity affected interstate commerce, although proof that racketeering acts did affect interstate commerce is sufficient to satisfy this element.  It is not necessary to prove that the acts of any particular defendant affected interstate commerce as long as the acts of the enterprise had such an effect.  Finally, the government is not required to prove that any defendant knew he was affecting interstate or foreign commerce.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 52-30.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 18

(Count One:  RICO Conspiracy Count: Third
Element -- Association With The Enterprise)

The third element that the government must prove beyond a reasonable doubt is that the defendant was associated with or was employed by the enterprise.

It is not required that the defendant have been associated with or employed by the enterprise for the entire time that the enterprise existed.  It <u>is</u> required, however, that the government prove beyond a reasonable doubt that at <u>some</u> time during the period indicated in the indictment, the defendant in question was associated with or was employed by the enterprise.

A person cannot be associated with or employed by an enterprise if he does not know of the enterprise's existence or the nature of its activities.  Thus in order to prove this element, the government must prove beyond a reasonable doubt that the defendant was connected to the enterprise in some meaningful way, and that the defendant knew of the existence of the enterprise and of the general nature of its activities.

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, No. 52-31.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 24

(Count One: The RICO Conspiracy Count-
Fourth Element – Membership in the Conspiracy)

The fourth element the government must prove beyond a reasonable doubt is that the defendant knowingly and willfully became a member of the conspiracy. This means that in order to meet its burden of proof, the government must show that the defendant agreed to participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity.

The focus of this element is on the defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on the defendant's agreement to commit the individual criminal acts. The government must prove that the defendant participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved, the commission of two racketeering acts. The government is not required to prove either that the defendant agreed to commit two racketeering acts or that he actually committed two racketeering acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.

For the purposes of count 1, the government must prove that at least two of the nine racketeering acts alleged in the count 1 were, or were intended to be, committed as part of the conspiracy, although it need not prove that any defendant committed or agreed to commit any of these acts as long as the government proves that the defendant participated in some manner in the overall objective of the conspiracy.

Most of the racketeering acts charge violations of federal law and are also charged as separate counts of the indictment. I will explain the elements of these federal offenses later when I cover the separate counts. Several of the charged racketeering acts are violations of state law: murder, assault, and armed robbery. In order for the state offenses to be considered as

racketeering acts, the government must prove beyond a reasonable doubt that the offenses were committed as defined by Maryland. The elements of the state offenses are as follows.

*******

**Racketeering Act 1 – Murder and Conspiracy to Commit Murder of Oliver McCaffity**

Racketeering Act 1 of Count One of the Indictment charges the defendants, **Willie Mitchell, a/k/a Bo, and Shelton Harris, a/k/a Rock, Little Rock,** with the murder of Oliver McCaffity. Racketeering Act 1(a) reads as follows:

[The Court is respectfully requested to read Racketeering Act 1(a).]

Under the laws of the state of Maryland, first degree murder is defined as the intentional killing of another person with willfulness, deliberation and premeditation. Second degree murder is the killing of another person with either the intent to kill or the intent to inflict such serious bodily harm that death would be the likely result. Second degree murder does not require premeditation or deliberation. The government must prove that the conduct of the named defendant caused the death of Oliver McCaffity and that the defendant engaged in the deadly conduct either with the intent to kill or the intent to inflict such serious bodily harm that death would be the likely result. You may find that Racketeering Act 1 was committed if you find beyond a reasonable doubt that either first degree murder or second degree murder was committed by one or both of the defendants named in the Racketeering Act 1.

Willful means that a defendant actually intended to kill the victim. Deliberate means that the defendant was conscious of the intent to kill. Premeditated means that the defendant thought about the killing and that there was time, though it need only have been brief, for the defendant to form the intent to kill.

Racketeering Act 1 also charges the same two defendants with the additional crime of conspiring to murder of Oliver McCaffity. If either of the defendants committed this act, or the act charged in Racketeering Act 1(a), you may find that Racketeering Act 1 was committed. Racketeering Act 1(b) reads as follows:

[The Court is respectfully requested to read Racketeering Act 1(b).]

24

Under the laws of the state of Maryland, conspiracy is an agreement between two or more persons to commit a crime.  In order to convict a defendant of conspiracy to commit murder, the government must prove:

(1) that the defendant entered into an agreement with at least one other person to commit the crime of murder, and

(2) that the defendant entered into the agreement with the intent that the murder be committed.

I previously instructed you on the definitions of first and second degree murder under the laws of the state of Maryland. Please note that conspiracy is a distinct crime. Conspiracy focuses on the existence of an illegal agreement and the defendant's entry into that agreement.  Conspiracy does not require proof that any defendant murdered the victim or even that he took a substantial step to murder the victim.


Maryland Pattern Jury Instructions - Cr. 4:08, 4:17 A & B, 4:02.
Maryland Pattern Jury Instructions - Cr. 6:01


**Racketeering Act 2: Murder of Lisa Brown**

Racketeering Act 2 charges the defendants, **Willie Mitchell, a/k/a Bo, and Shelton Harris, a/k/a Rock, Little Rock,** with the murder of Lisa Brown.  Racketeering Act 2 reads as follows:

[The Court is respectfully requested to read Racketeering Act 2.]

I previously instructed you on the definitions of first and second degree murder under the laws of the state of Maryland.


**Racketeering Act 3: Murder and Conspiracy to Murder Darryl Wyche**

Racketeering Act 3(a) of Count One of the Indictment charges all four of the defendants with the murder of Darryl Wyche and Racketeering Act 3(b) charges the same

25

defendants with conspiracy to murder Darryl Wyche.  If you find that one of these defendants committed this murder, <u>or</u> that one of these defendants conspired with at least one other person to commit this murder, then Racketeering Act 3 was committed.  Racketeering Act 3 reads as follows:

[The Court is respectfully requested to read Racketeering Act 3.]

I previously instructed you on the definitions of first and second degree murder and  conspiracy to commit murder under the laws of the state of Maryland in connection with Racketeering Act 1.

**Racketeering Act 4: Murder and Conspiracy to Murder Anthony Wyche**

Racketeering Act 4(a) of Count One of the Indictment charges all four defendants with the murder of Anthony Wyche and Racketeering Act 4(b) charges the same defendants with conspiracy to murder Anthony Wyche.  If you find that one of these defendants committed this murder, <u>or</u> that one of these defendants conspired with at least one other person to commit this murder, then Racketeering Act 3 was committed.  Racketeering Act 3 reads as follows:

[The Court is respectfully requested to read Racketeering Act 3.]

I previously instructed you on the definitions of first and second degree murder and  conspiracy to commit murder under the laws of the state of Maryland in connection with Racketeering Act 1.

**Racketeering Act 5: Armed Robbery of Darryl and Anthony Wyche**

Racketeering Act 5 charges all four defendants with violating the state law against armed robbery.  Racketeering Act 5 reads as follows:

[The Court is respectfully requested to read Racketeering Act 5.]

Robbery is the taking and carrying away of property from someone else's presence and control, by force with the intent to deprive the victim of the property.  In order to convict the defendant of armed robbery, the government must prove:

(1) that the defendant took the property from the victim's presence and control;

(2) that the defendant took the property by force or threat of force;

(3) that the defendant intended to deprive the victim of the property; and

(4) that the defendant committed the robbery by using a dangerous weapon.

Property means anything of value.  A dangerous weapon is an object that is capable of causing death or serious bodily harm.  Deprive means to withhold property of another permanently, for such period as to appropriate a portion of its value, with the purpose of restoring it only upon payment of a reward or other compensation, or to dispose of the property and use or deal with the property so as to make it unlikely that the owner will recover it.

Maryland Pattern Jury Instructions - Cr. 4:28, 28.1


**Racketeering Act 6: Murder of Tanya Jones-Spence**

Racketeering Act 6 charges the defendant, **Shawn Gardner, a/k/a Goo,** with the murder of Tanya Jones-Spence.  Racketeering Act 6 reads as follows:

[The Court is respectfully requested to read Racketeering Act 6.]

I previously instructed you on the definitions of first and second degree murder under the laws of the state of Maryland.


**Racketeering Act 7: Armed Robbery of Tanya Jones-Spence**

Racketeering Act 7 charges the defendant, **Shawn Gardner, a/k/a Goo,** with violating the state law against armed robbery.  Racketeering Act 7 reads as follows:

[The Court is respectfully requested to read Racketeering Act 7.]

I previously instructed you on the law of armed robbery in the state of Maryland.


**Racketeering Act 8: Conspiracy to Commit Murder Darius Spence**

Racketeering Act 8 charges the defendant, **Shawn Gardner, a/k/a Goo,** with conspiracy to commit the murder of Darius Spence.  If **Shawn Gardner, a/k/a Goo,** conspired

with at least one other person to commit this murder, you may find that Racketeering Act 8 was committed.

[The Court is respectfully requested to read Racketeering Act 8.]

I previously instructed you on the law of conspiracy to commit murder in the state of Maryland.

Before I instruct you on Racketeering Act 9, let me explain that for the purposes of count 1, the government must prove that at least two of the nine racketeering acts alleged in the count 1 were, or were intended to be, committed as part of the conspiracy, although it need not prove that any defendant committed or agreed to commit any of these acts as long as the government proves that the defendant participated in some manner in the overall objective of the conspiracy.

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, No. 52-32. (modified)

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 25

(Count Eight and Racketeering Act 9 - Narcotics

Conspiracy - The indictment and the statute)

Racketeering Act 9 and Count Eight of the Indictment are identical.  They both charge all four of the defendants with conspiracy to distribute crack, cocaine, heroin and marihuana.  I will therefore charge you on both now.

Racketeering Act 9 and Count Eight read as follows:

[The Court is respectfully requested to read Racketeering Act 9 or Count Eight.]

Count Eight and Racketeering Act 9 are brought under Section 846 of Title 21, which provides, in pertinent part, that "any person . . . who conspires to commit any offense defined in this subchapter . . . " has violated the criminal laws of the United States.

You are instructed that a violation of Section 841(a)(1) of Title 21 is an "offense defined in this subchapter," and that Section 841(a)(1) provides in pertinent part that "it shall be unlawful for any person knowingly or intentionally to . . . distribute, dispense, or possess with intent to . . . distribute or dispense, a controlled substance."

You are further instructed as a matter of law that cocaine and heroin are "controlled substances," specifically  Schedule I and II narcotic controlled substance, as those terms are used in these instructions, the indictment, and the statutes just read to you.  You must, of course, determine whether or not the material in question was in fact cocaine or heroin.  In so doing, you may consider all evidence in the case which may aid in the determination of that issue, including the testimony of any witnesses who may testify either to support or to dispute the allegations that the material in question was cocaine or heroin or any stipulation between the parties regarding the nature of the substances.  The government may prove the material was cocaine or heroin through either direct or circumstantial evidence.  An example of direct evidence is the testimony of a chemist who has done a chemical analysis of the material.  Circumstantial evidence would be evidence from which you could infer that the material was cocaine or heroin, such as testimony concerning the names used by the defendants to refer to the material or

29

testimony about the material's appearance.  Whether the government relies on direct or

circumstantial evidence to prove the material was cocaine or heroin, it must prove so beyond a

reasonable doubt.

21 U.S.C. Sections 841, 846; L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, No. 19-1;
56-3; Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 58.04

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 26**

(Count Eight and Racketeering Act 9–
Conspiracy – Purpose of the Statute)

In this case, the defendants are accused of conspiracy to distribute or possess with intent to distribute cocaine and heroin.  A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find the defendants guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the conspiracy was not actually committed.  Moreover, you may find a defendant guilty of conspiracy despite the fact that he himself was incapable of committing the substantive crime.

L. Sand & J. Siffert. Modern Federal Jury Instructions, No. 19-2 (modified)

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 27

(Count Eight and Racketeering Act 9 – Elements of Conspiracy)

In order to satisfy its burden of proof for Count Eight and Racketeering Act 9, the government must establish each of the following two essential elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged in the first count of the indictment; and

Second, that the defendant knowingly became a member of the conspiracy.

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, No. 19-3 (modified).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 28

(Definition of Distribution)

As Count Eight and Racketeering Act 9 charge a conspiracy involving the distribution or possession with intent to distribute cocaine and heroin, definitions of "distribute" and "possession" are in order.

The word "distribute" means to deliver a narcotic. "Deliver" is defined as the actual, constructive or attempted transfer of a narcotic. Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, narcotics.

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs may constitute distribution. In short, distribution requires a concrete involvement in the transfer of the drugs.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 56-12 (modified).

**<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 29</u>**

(Count Eight and Racketeering Act 9 -- Definition of Possession)

The legal concept of possession may differ from the everyday usage of the term, so I will explain it in some detail.

Actual possession is what most of us think of as possession; that is having physical custody or control of an object.  For example, if you find that a defendant had the drugs on his person, you may find that he had possession of the drugs.  However, a person need not have actual physical custody of an object in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that item.  An example of this from everyday experience would be a person's possession of items he keeps in the safe deposit box of his bank.  Although the person does not have physical custody of those items, he exercises substantial control over them and so has what is known as constructive possession of them.

Possession of the drugs cannot be found solely on the ground that a defendant was near or close to the drugs.  Nor can it be found simply because a defendant was present at a scene where drugs were involved, or solely because a defendant associated with a person who does control the drugs or the property where they are found.  However, these factors may be considered by you, in connection with all other evidence, in making your decision whether a defendant conspired to possess drugs.

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, No. 56-4 (modified)

34

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 30

(Count Eight and Racketeering Act 9 – Existence of Agreement)

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. Indeed, it is sufficient for the government to show that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common design.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all those you find to be participants as proof that a common design existed on the part of the person charged and his co-conspirators to act together for the accomplishment of an unlawful purpose.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 19-4 (modified).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 31

(Count Eight and Racketeering Act 9 – Membership in the Conspiracy)

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy, is that the defendants knowingly, willfully and voluntarily became members of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of each conspiracy were.  In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy.  Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome.  You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan.  The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements and the reasonable inferences which may be drawn from them.

A defendant's knowledge is a matter of inference from the facts proved.  In that connection, I instruct you that to become a member of the conspiracy, a defendant need not have known the identities of each and every member, nor need he have been apprised of all of their

activities.  Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.  Furthermore, a defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his participation.  Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy.  Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member.  A person may know, or be friendly with, a criminal, without being a criminal himself.  Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make a defendant a member. More is required under the law.  What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking.  He thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

L. Sand & J. Siffert. <u>Modern Federal Jury Instructions</u>, No. 19-6.
<u>United States v. Gurary</u>, 860 F.2d 521, 526 & n.5 (2d Cir. 1988)

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 32

(Count Eight and Racketeering Act 9 - Conspiracy – Time and Venue)

The conspiracy alleged in Count Eight and Racketeering Act 9 of the indictment is alleged to have lasted from in or about 1994 to on or about February 2004.

In connection with these counts, I instruct you that the government need only prove that the particular conspiracy took place during a period of time reasonably related to that alleged in the indictment, which may include a period of time outside or less than the dates charged.  Furthermore, with respect to the charge that the offense took place in the State and District of Maryland, you are instructed that the government need only prove that an act, committed by any member of the conspiracy, in furtherance of the conspiracy charged in the indictment, occurred in Maryland, for the defendants to be charged in Maryland.

Devitt and Blackmar, Federal Jury Practice and Instructions,
Section 14.02; United States v. Henderson, 434 F.2d 84, 86 (6th Cir. 1970); United States v. Kerr, 439 F.2d 689 (9th Cir. 1971);
United States v. Ramirez, 482 F.2d 807 (2d Cir. 1973);
United States v. Boswell, 372 F.2d 780 (4th Cir. 1967);
Hyde v. United States, 225 U.S. 347 (1912).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 33

(Count Eight and Racketeering Act 9 -- Amount of Controlled Substance)

If you find that the government has proven each of the elements of the charged conspiracy beyond a reasonable doubt, then you must determine beyond a reasonable doubt what types and quantities of narcotics were distributed and/or possessed with the intent to distribute as part of the conspiracy.  To assist you in this I will provide you with a verdict sheet that will ask you to answer certain questions about the types and quantities of narcotics in the conspiracy in Count Eight and Racketeering Act 9 and in several later counts I will get to shortly.

*See Apprendi v. New Jersey,* 120 S.Ct. 2348 (2000).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 34

(Acts and Declarations of Co-Conspirators)

You will recall that I have admitted into evidence against the defendants the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendants' on trial.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime.  Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a member of the conspiracy charged in the indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant.  This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, No. 19-9

41

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 35

(Withdrawal from the Conspiracy [if raised])

The defendant has raised the defense that he was not a member of the conspiracy because he withdrew from the conspiracy.

Once a person joins a conspiracy, that person remains a member until he withdraws from it.  Any withdrawal must be complete and it must be done in good faith.

A person can withdraw from a conspiracy by taking some affirmative steps to terminate or abandon his participation in, and efforts to promote, the conspiracy.  In other words, the defendant must have demonstrated some type of positive action which disavowed or defeated the purpose of the conspiracy.

By way of example, a defendant may withdraw from a conspiracy by: giving timely a warning to the proper law enforcement officials; or wholly depriving his prior efforts of effectiveness in the commission of the crime; or making appropriate efforts to prevent the commission of the crime; or by doing acts which are inconsistent with the objects of the conspiracy and making reasonable efforts to communicate those acts to his co-conspirators.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 19-10.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 36

(Counts Two, Four, Five, Six and Seven –
Murder in Aid of Racketeering – The Indictment and the Statute)

Counts Two, Four, Five, Six and Eight of the Indictment charge the defendants with violent crimes In aid of racketeering.  The indictment reads as follows:

> Whoever, as consideration for receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity . . . murders . . . any individual in violation of the laws of any State or the United States . . . or attempts or conspires to do so . . .

shall be guilty of a crime.

Section 1959, which is often referred to as the VICAR statute (for violent crimes in aid of racketeering), was first enacted in 1984 as part of the Comprehensive Crime Control Act. The legislative history states that the purpose of the statute is to curtail the violent criminal activity that is often associated with racketeering enterprises.  The Second Circuit has indicated that the relationship between section 1959 and the RICO provisions requires that the VICAR provisions be given the same liberal construction as RICO.  Indeed many of the concepts involved in VICAR cases, such as the definitions of enterprise and racketeering activity have the same meaning as in RICO cases.

Defendants Mitchell and Harris are charged in Count Two of the Indictment with the murder of Oliver McCaffity in aid of a racketeering enterprise.  Count One reads as follows: [The Court is respectfully requested to read Count One to the jury.]

Defendants Mitchell and Harris are charged in Count Four with the murder of Lisa Brown in aid of racketeering.  Count Four reads as follows: [the Court is requested to read Count Four of the Fourth Superseding Indictment to the Jury]

All four defendants are charged in Count Five with the murder of Darryl Wyche in aid of racketeering.  Count Five reads as follows: [the Court is requested to read Count Five of the Fourth Superseding Indictment to the Jury]

All four defendants are charged in Count Six with the murder of Anthony Wyche in aid of racketeering.  Count Six reads as follows: [the Court is requested to read Count Six of the Fourth Superseding Indictment to the Jury]

Defendant Shawn Gardner is charged in Count Eight with the murder of Tanya Jones-Spence in aid of racketeering.  Count Eight reads as follows: [the Court is requested to read Count Eight of the Fourth Superseding Indictment to the Jury]

L. Sand & J. Siffert. <u>Modern Federal Jury Instructions,</u> No. 52-26.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 37

(Counts Two, Four, Five, Six and Seven –
Murder in Aid of Racketeering – Elements of the Offense)

In order to prove that the defendant violated section 1959, the government must establish beyond a reasonable doubt each one of the following five elements of the offense:

First, that an enterprise affecting interstate commerce existed;

Second, that the enterprise was engaged in racketeering activity;

Third, that defendant had (or was seeking) a position in the enterprise;

Fourth, that defendant committed the alleged crime of violence; and

Fifth, that defendant's general purpose in committing the crime of violence was to maintain or increase his position in the enterprise (or in consideration for the receipt of anything of value).

*See* L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 52-36.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 38

(Counts Two, Four, Five, Six and Seven –
First Element--Existence of Enterprise Affecting
Interstate Commerce)

The first element the government must prove beyond a reasonable doubt is that an "enterprise" existed, which was engaged in or had an effect upon, interstate (or foreign) commerce.

I have already explained these requirements to you in connection with Count 1.

*See* L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, No. 52-37.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 39

(Counts Two, Four, Five, Six and Seven –
Second Element--Enterprise Engaged in Racketeering Activity)

The second element the government must establish beyond a reasonable doubt is that the enterprise was engaged in racketeering activity.

The Indictment alleges that the following acts of racketeering activity were engaged in by the enterprise:


[Read relevant portions of Fourth Superseding Indictment]


I charge you that "racketeering activity" includes such offenses as murder, dealing in narcotics, and robbery.  It is for you to determine whether the enterprise engaged in these activities as charged.  You should give the words "engaged in" their ordinary, everyday meaning. For an enterprise to be engaged in racketeering activity it is enough to show that the enterprise committed or was planning to commit some racketeering activity within a period of time short enough under all of the circumstances so that it is appropriate to say that the enterprise was engaged in racketeering activity.

Some racketeering acts, such as narcotics distribution, are federal offenses that I have already defined for you.  In order for state offenses such as murder and robbery to be considered as racketeering acts, the government must prove to you beyond a reasonable doubt that the defendant committed that offense as defined by Maryland.  I have already instructed you on the meaning of first and second degree murder, felony murder, and robbery in Maryland law, and I will review the definitions in my instruction on the fourth element.


L. Sand & J. Siffert. Modern Federal Jury Instructions, No. 52-38 (modified).
Maryland Pattern Jury Instructions - Cr. 4:17.7, 4:02.
Maryland Pattern Jury Instructions - Cr. 6:01

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 40

(Counts Two, Four, Five, Six and Seven –
Third Element– Position in the Enterprise)

The third element the government must establish beyond a reasonable doubt is that defendant had (or  was seeking) a position in the enterprise.

To establish this element the government must prove that defendant was actively engaged in promoting the illegal activities of the enterprise.  It is not enough to prove that defendant was doing business with the enterprise; the government must prove that he was actually a member of the enterprise.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 52-39.

48

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 41

(Counts Two, Four, Five, Six and Seven –
Fourth Element--Defendant Committed Crime of Violence)

The fourth element the government must establish beyond a reasonable doubt is that defendant committed murder.  Let me now instruct you on the elements of murder.

As I told you in connection with the first Racketeering Act in Count 1, under the laws of the State of Maryland, first degree murder is defined as the intentional killing of another person with willfulness, deliberation and premeditation.  In order to convict the defendants of first degree murder under Counts Two, Four, Five, Six and Seven, the Government must prove beyond a reasonable doubt: (1) that the defendants caused or conspired to cause the death of the victims; and (2) that the killings was willful, deliberate and premeditated.

As I also explained to you, willful means that the defendant actually intended to kill the victim.  Deliberate means that the defendant was conscious of the intent to kill.  Premeditated means that the defendant thought about the killing and that there was time, though it need only have been brief, for the defendant to form the intent to kill.

The two elements of the crime of second degree murder in Maryland law are as follows:

1) that the conduct of the defendant caused the death of the victim; and

2) that the defendant engaged in the deadly conduct either with the intent to kill or with the intent to inflict such serious bodily harm that death would be likely to result.

In addition in Counts 4, 5, 6 and 7, the murders are charged also as felony murders.  Count 4 charges that the murder of Lisa Brown was committed in furtherance of the conspiracy to murder of Oliver McCaffity.  In order to prove the charge of conspiracy to commit murder, it is necessary that the evidence establish beyond a reasonable doubt: (1) that the defendant and another person entered an agreement to kill Oliver McCaffity; and (2) that the defendant entered into the agreement with the intent that the murder of Oliver McCaffity be committed.

In order to convict of felony murder on Count 4, the government must prove three elements:

1) that the defendant or another participating in the crime with the defendant conspired to murder Oliver McCaffity;

2) that the defendant or another participating in the crime killed Lisa Brown; and

3) that the act resulting in the death of Lisa Brown occurred during the commission or escape from the scene of the murder of Oliver McCaffity.

It is not necessary for the government to prove that the defendant intended to kill Lisa Brown in order to convict of felony murder.

Counts 5, 6 and 7 charge that the murders occurred during the perpetration of robbery.  In order to convict of felony murder on these counts, the government must prove three elements:

1) that the defendant or another participating in the crime with the defendant committed robbery;

2) that the defendant or another participating in the crime killed the victim named in each count; and

3) that the act resulting in the death of Lisa Brown occurred during the commission or escape from the immediate scene of the robbery.

It is not necessary for the government to prove that the defendant intended to kill the victim in order to convict of felony murder.

As I will instruct you in more detail in a moment, the defendants also have been charged in Counts Two, Four, Five, Six and Seven with aiding and abetting the offense of murder.  The law also recognizes that a person can be criminally responsible for an act such as murder if he aids and abets the commission of the crime by, first, being present when the crime was committed, and, second, by willfully participating with the intent to make the crime succeed.

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions,</u> No. 52-40. (modified)
*Maryland Pattern Jury Instructions* - Cr. 4:17.1; 4:08
*Maryland Pattern Jury Instructions* - Cr. 6:01;

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 42**

(Counts Two, Four, Five, Six and Eight –
Fifth Element--Purpose to Maintain or Increase
Position in Enterprise)

The fifth element the government must establish beyond a reasonable doubt is that defendant's general purpose in committing the murder in each count was to maintain or increase his position in, or to gain entrance to, the enterprise, or in consideration for the receipt of anything of value.

The government is required to prove that defendant's general purpose was to maintain or increase his position in the enterprise. The government is not required to prove that it was defendant's sole or principal motive.

In determining whether a defendant's purpose in committing the murder or violent crime was to maintain or increase his position in the enterprise, you should give the words "maintain" and "increase" their ordinary meanings. You should consider all of the facts and circumstances in making that determination.

For example, you may consider evidence that the crime, if proved, was committed in order to maintain discipline within the enterprise and served to maintain the defendant's position in the enterprise.  If the defendant committed the crime because he knew it was expected of him by reason of his membership in the enterprise, or if he committed the crime because he thought it would enhance his position or prestige within the enterprise, or if he committed it because he thought it was necessary to maintain the position he already held, this element would be established.

These examples are only meant by way of illustration. They are not exhaustive.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 52-41.

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 43**

(Counts Two, Four, Five, Six and Seven -- Unanimity of Theory)

Counts  Two, Four, Five, Six and Seven of the indictment charge the defendants with first and second degree murder.  In addition, counts Two, Four, Five, Six and Seven charge first degree felony murder as well.

If the government fails to prove that a defendant committed at least one of the types of murder for each count, then you must find that defendant not guilty on that count.  On the other hand, the government need not prove all of the types of murder for you to find the defendant guilty on each count.  It is sufficient if you find beyond a reasonable doubt that the defendant committed at least one of types of murder charged in Counts Four, Five, Six and Seven in order to convict the defendant.

However, in order to convict a defendant on this count, all twelve of you must agree on at least one of the specific types of murder the defendant committed.  Accordingly, in order to find a defendant guilty on Count Five, all of you must agree that the defendant possessed a firearm in furtherance of the drug-trafficking crime charged in Count One, or all of you must agree that the defendant possessed a firearm in furtherance of the crime of violence charged in Count Two, or all of you must agree that the defendant possessed a firearm in furtherance of the crime of violence charged in Count Three.  Of course, it is also possible that all of you may also agree that the defendant committed more than one of these predicate offenses.

L. Sand & J. Siffert, Modern Federal Jury Instructions, 35-78 (modified).

53

**GOVERNMENT'S REQUESTED INSTRUCTION NO. 44**

(Count Three -- Conspiracy
to Murder Oliver McCaffity in aid of racketeering --
The indictment and the statute)

Count Three charges defendants Mitchell and Harris with conspiring to murder Oliver

McCaffity.

[The Court is respectfully requested to read Count Three]

Count Three charges a violation of a statute entitled, "Violent crimes in aid of racketeering

activity", Title 18, United States Code, Section 1959.  That provision of law states that:

> Whoever, as consideration for receipt of, or as consideration for a promise or
> agreement to pay, anything of pecuniary value from an enterprise engaged in
> racketeering activity, or for the purpose of gaining entrance to or maintaining or
> increasing position in an enterprise engaged in racketeering activity, . . . [**conspires
> to] murder**[] . . . any individual in violation of the laws of any State or the United
> States

shall be guilty of an offense against the United States.

The same two defendants are charged in Count Two with committing the murder of Oliver

McCaffity.  As I have explained to you, the crime of conspiracy is an independent offense,

separate and distinct from "substantive crimes."  Indeed, you may find the defendants guilty of the

crime of conspiracy to commit an offense against the United States even though the substantive

crime which was the object of the conspiracy was not actually committed.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 19-2 (modified)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 45

(Count Three – Elements of Conspiracy to
Commit Murder -- 18 U.S.C. § 1959(a)(5))

In order to satisfy its burden of proof for Count Three, the government must establish each of the following two essential elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged in the first count of the indictment; and

Second, that the defendant knowingly became a member of the conspiracy, and

Third, that the defendants conspired to commit the murder either for the purpose of gaining entrance to an enterprise engaged in racketeering activity or for maintaining or increasing position in an enterprise engaged in racketeering activity, or as consideration for the receipt of anything of value.

I have already explained the first two elements of conspiracy in connection with Count Eight and Racketeering Act Nine.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 19-3 (modified).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 46

(Count Three – Third Element)

For Count Three, the third element is that defendants Mitchell and Harris conspired to commit the murder of Oliver McCaffity either for the purpose of gaining entrance to an enterprise engaged in racketeering activity or for maintaining or increasing position in an enterprise engaged in racketeering activity, or as consideration for the receipt of anything of value.

This element is the same as the fifth element for the murder counts I explained to you a few moments ago.  To repeat, the government is required to prove that the defendant's general purpose was to maintain or increase his position in the enterprise. The government is not required to prove that it was defendant's sole or principal motive.

In determining whether a defendant's purpose in committing the murder or violent crime was to maintain or increase his position in the enterprise, you should give the words "maintain" and "increase" their ordinary meanings. You should consider all of the facts and circumstances in making that determination.

For example, you may consider evidence that the crime, if proved, was committed in order to maintain discipline within the enterprise and served to maintain the defendant's position in the enterprise.  If the defendant committed the crime because he knew it was expected of him by reason of his membership in the enterprise, or if he committed the crime because he thought it would enhance his position or prestige within the enterprise, or if he committed it because he thought it was necessary to maintain the position he already held, this element would be established.

These examples are only meant by way of illustration. They are not exhaustive.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 48

(Counts Nine, Ten, Twelve and Fifteen -- Using and Carrying a
Firearm during and in Relation to a Crime of Violence - The
Indictment and the Statute)

Counts Nine, Ten, Twelve and Fifteen of the Indictment charge the defendants with possessing a firearm in furtherance of a crime of violence or drug trafficking offense. The indictment reads as follows:

[The Court is respectfully requested to read Counts Nine, Ten, Twelve and Fifteen of the Fourth Superseding Indictment at this time.]

The relevant statute on this subject is Title 18, United States Code, Section 924©, which provides in pertinent part:

Any person who ... in furtherance of [any crime of violence or drug trafficking crime

... for which the person may be prosecuted in a court of the United States...,]

possesses a firearm  ... shall [be guilty of a crime].

Under Count Nine, the two defendants named (Mr. Mitchell and Mr. Harris) are charged with possessing a firearm in furtherance of the crime of violence charged in Count Two, the murder of Oliver McCaffity. They are also charged with possessing the firearm in furtherance of the conspiracy to distribute controlled substances charged in Count Eight. As in the earlier counts, you need not find the defendants possessed the firearm in furtherance of both Counts Two and Count Eight, but all twelve of you must be unanimous that the possession was in furtherance of either Count Two or Count Eight. If upon all of the evidence you find that the government has failed to prove either Count Two or Count Eight beyond a reasonable doubt, then you will proceed no further. Count Nine is to be considered only if you first find the defendant guilty under Count Two or Count Eight, as charged.

The same considerations apply to Counts Ten, Twelve and Fifteen, where the defendants named are charged with possessing firearms in furtherance of both crimes of violence and the drug conspiracy count.

In reaching your verdict on Counts Nine, Ten, Twelve and Fifteen, you may consider the evidence of the murder counts and the drug conspiracy count, Count Eight, only for the purpose of determining whether the elements of Counts Nine, Ten, Twelve and Fifteen have been satisfied.

18 U.S.C. § 924(c)(1)(A)
L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, 35-76, 35-77

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 49

(Counts Nine, Ten, Twelve and Fifteen -- Possession of a Firearm in Furtherance of
a Crime of Violence or Drug Conspiracy -- Elements)

The government must prove each of the following elements beyond a reasonable doubt to sustain its burden of proving the defendant guilty of Counts Nine, Ten, Twelve and Fifteen of the indictment:

First, that the defendant committed a crime of violence or drug trafficking crime for which he might be prosecuted in a court of the United States;

Second, that the defendant knowingly possessed a firearm in furtherance of the crime of violence charged or the drug conspiracy charged in Counts Nine, Ten, Twelve and Fifteen.

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, 35-78

*See Harris v. United States*,122 S.Ct. 2406 (2002) (brandishing [and therefore discharging] is a sentencing factor and not an element of the offense); L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, 35-80.1.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 50

(Counts Nine, Ten, Twelve and Fifteen -- Using and Carrying a Firearm during and in
Relation to a Crime of Violence - First Element)

The first element the government must prove beyond a reasonable doubt is that the defendant committed a crime of violence or drug trafficking crime for which he might be prosecuted in a court of the United States.

The defendants Mitchell and Harris are charged in Count Nine with possessing a firearm in furtherance of the murder of Oliver McCaffity as charged in Count Two of the Indictment.  I instruct you that the crime of murder in aid of racketeering as charged in Count Two is a crime of violence for which the defendants may be prosecuted in a court of the United States.  It is for you to determine whether the government has proven  It is for you to determine beyond a reasonable doubt whether the government has proven the crime of murder as charged in Count Two.

The two named defendants are also charged in Count Nine with possessing a firearm in furtherance of the drug conspiracy in Count Eight, which, I instruct you is a drug trafficking crime for which the defendants may be prosecuted in a court of the United States.

The same considerations apply to Counts Ten, Twelve and Fifteen.

In Count Ten, the same two defendants are charged with the murder in aid of racketeering of Lisa Brown, as charged in Count Four of the indictment, which I instruct you is a crime of violence for which the defendants may be prosecuted in a court of the United States.

In Count Twelve, all four defendants are charged with the murders of Darryl and Anthony Wyche, as charged in Counts Five and Six, which I instruct you are crimes of violence for which the defendants may be prosecuted in a court of the United States.

In Count Fifteen, Defendant Gardner is charged with the murder of Tanya Jones-Spence, as set forth in Count Eight, which I instruct you is a crime of violence for which the defendant may be prosecuted in a court of the United States.

As in Count Nine, the defendants charged in Counts Ten, Twelve and Fifteen are also with possessing a firearm in furtherance of the drug conspiracy in Count Eight, which, I instruct you is

a drug trafficking crime for which the defendants may be prosecuted in a court of the United States.

Again, it is for you to determine that the government has proven beyond a reasonable doubt that the defendant committed the drug trafficking crimes and crimes of violence charged.

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, 35-79

## <u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 51</u>

(Counts Nine, Ten, Twelve and Fifteen -- Knowing Possession of a Firearm in
Furtherance of a Crime of Violence or Drug Trafficking Crime - Second Element)

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed a firearm in furtherance of one or more of the crimes charged in Counts Nine, Ten, Twelve and Fifteen.

A "firearm" is any weapon which will, or is designed to, or may be readily converted to, expel a projectile by the action of an explosive.

To prove that the defendant possessed the firearm in furtherance of the crime, the government must prove that the defendant had possession of the firearm and that such possession was in furtherance of that crime.  Possession means that the defendant either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm.  To possess a firearm in furtherance of the crime means that the firearm helped forward, advance or promote the commission of the crime.  The mere possession of the firearm at the scene of the crime is not sufficient under this definition.  The firearm must have played some part in furthering the crime in order for this element to be satisfied.

In addition each of the four counts charges the defendants with aiding and abetting, about which I will say more in a few minutes.


L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, 35-80 (as modified)

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 52**

(Counts Eleven, Thirteen, Fourteen and Sixteen – The Indictment and the Statute)

Counts Eleven, Thirteen, Fourteen and Sixteen charge the defendants named in each count with causing the death of a person through the use of a firearm in the course of the violations of Title 18, United States Code, Section 924© I just described.  In other words, Counts Eleven, Thirteen, Fourteen and Sixteen charge the defendants with committing murder in the course of committing the crimes charged respectively in Counts Nine, Ten, Twelve and Fifteen.  Counts Eleven, Thirteen, Fourteen and Sixteen read as follows:

[The Court is respectfully requested to read Counts Eleven, Thirteen, Fourteen and Sixteen  of the Fourth Superseding Indictment at this time.]

The relevant statute is Title 18, United States Code, Section 924(j), which provides that "[a] person who, in the course of a violation of subsection © [of the statute] causes the death of a person through the use of a firearm, if the killing is a murder as defined in Section 1111 ... [is guilty of a crime]."

Section 1111 of Title 18, United States Code, defines "murder" as follows:

> Murder is the unlawful killing of a human being with malice aforethought.  Every murder perpetrated by ... any ... kind of willful, deliberate, malicious, and premeditated killing ... is murder in the first degree.  Any other murder is murder in the second degree.

18 U.S.C. §§ 924©, 924(j), 1111; L. Sand & J. Siffert, Modern Federal Jury Instructions, 35-76, 35-78.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 53

(Counts Eleven, Thirteen, Fourteen and Sixteen – Elements of the Offense)

The government must prove each of the following elements beyond a reasonable doubt to sustain its burden of proving the defendants guilty of Counts Eleven, Thirteen, Fourteen and Sixteen:

First, that the defendant committed the crime charged in the underlying 924© counts.  For Count Eleven, the underlying 924© count is Count Nine.  For Counts Thirteen and Fourteen, it is Count Twelve.  For Count Sixteen, it is Count Fifteen;

Second, that the defendant, through use of the firearm, caused the death of the person named in the count;

Third, that in causing the death, the defendant acted willfully and with malice aforethought; and

Fourth, that the defendant acted with premeditation.

L. Sand & J. Siffert, Modern Federal Jury Instructions, 35-76, 35-78 (modified).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 54

(Counts Eleven, Thirteen, Fourteen and Sixteen -- First Element –
Commission of Predicate Offense)

As I indicated earlier, Count Eleven charges the defendants named with committing a murder during the course of committing the crime charged in Count Ten.  Accordingly, if upon all of the evidence, you find that the government has failed to prove Count Ten beyond a reasonable doubt as to a particular defendant, then you will proceed no further as to that defendant on Count Eleven.  You should only consider the question of whether the defendant committed the offense charged in Count Eleven if you first find the particular defendant guilty under Count Ten as charged.

The same applies to Counts Thirteen, Fourteen and Sixteen.  You must first find the defendants guilty of the underlying 924© offense named in each count.

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 55**

(Counts Eleven, Thirteen, Fourteen and Sixteen -- Second Element –
Causing the Death of the Victim Using a Firearm)

The second element the government must prove is that the defendants killed the victim named through the use of a firearm.

In this regard it is the government's burden to prove that the defendants' use of a firearm was a direct cause of the victim named in each count.  This means simply that the government must prove that the defendants inflicted an injury or injuries upon the victim using a firearm from which the victim died.  It is not necessary that the injuries inflicted by the use of the firearm alone caused the death.  It is instead sufficient if the government proves that the injury or injuries resulting from the defendant's use of the firearm was a cause of the victim's death.

L. Sand & J. Siffert, Modern Federal Jury Instructions, 41-3 (modified).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 56

(Counts Eleven, Thirteen, Fourteen and Sixteen -- Third Element – Malice Aforethought)

The next element the government must prove beyond a reasonable doubt is that the defendants acted with malice aforethought.

"Malice aforethought" is the state of mind that would cause a person to act without regard for the life of another.

To satisfy this element, the defendant must have acted consciously, with the intent to kill another person.

However, the government need not prove a subjective intent to kill on the part of the defendant.  It would be sufficient to satisfy this element if it proved reckless and wanton conduct on the part of the defendant which grossly deviated from a reasonable standard of care such that he was aware of the serious risk of death.

In order to establish this element, the government must prove that the defendant acted willfully, with a bad or evil purpose to break the law.  However, the government need not prove spite, malevolence, hatred, or ill will toward the victim.


L. Sand & J. Siffert, Modern Federal Jury Instructions, 41-6.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 57

(Counts Eleven, Thirteen, Fourteen and Sixteen - Fourth Element – Premeditation)

The final element the government must prove beyond a reasonable doubt with respect to premeditated murder is that the defendants acted willfully, deliberately and with premeditation.

An act is done with premeditation if it is done upon deliberation.  In other words, premeditation means deliberating or thinking about whether to act  before actually committing the crime as opposed to doing something instantaneously.

In order to satisfy this element, the government must prove that the defendants killed the victim only after thinking the matter over, deliberating whether to act before committing the killings.  There is no requirement that the government prove that the defendant deliberated for any particular period of time in order to show premeditation.  "Willful, deliberate ... and premeditated" simply means that the killing is done on purpose after a period of time for prior consideration.  The duration of that period cannot be arbitrarily fixed.  The time in which to form a deliberate design varies as the minds and temperaments of individuals differ, and according to the circumstances in which the individual may be placed.  Any interval of time between the forming of the intent to kill and the execution of that intent, which is of sufficient duration for the accused to be fully conscious of what he intended, is sufficient to support a conviction for premeditated murder.

L. Sand & J. Siffert, Modern Federal Jury Instructions, 41-7 (modified).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 58

(Counts Seventeen and Eighteen – Felon in possession --
The indictment and the statute)

Count Seventeen of the Indictment charges the defendant, **Shawn Gardner**, **a/k/a Goo**, with unlawful possession of a firearm.  The Indictment reads as follows:

[The Court is requested to read Count Seventeen of the Indictment to the Jury.]

Count Eighteen of the Indictment charges the defendant, **Shelton Harris**, **a/k/a Rock, Little Rock**, with unlawful possession of a firearm.  The Indictment reads as follows:

[The Court is requested to read Count Eighteen of the Indictment to the Jury.]

Counts Seventeen and Eighteen charge the defendant named with violating Section 922(g)(1) of Title 18 of the United States Code.  Section 922(g)(1) provides, in part, that:

It shall be unlawful for any person. . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . . to possess in or affecting commerce, any firearm.


L. Sand & J. Siffert. Modern Federal Jury Instructions, No. 35-45.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 59

(Counts Seventeen and Eighteen – Purpose of the Statute)

Congress was of the view that the ease with which persons, including criminals, were able to acquire firearms was a significant factor in the prevalence of violent crime in the United States and that restriction of the distribution of firearms and ammunition would be helpful to state and local authorities in meeting this problem.

Accordingly, it passed a series of laws aimed at giving support to federal, state and local law enforcement officials in combating crime and violence.

In your role as jurors, you are not to be concerned with the wisdom or the policy of those laws.  If in fact a violation occurred, the law should be enforced.

In general, these laws include provisions which prohibit certain categories of people from possessing firearms and ammunition which were shipped in interstate commerce, and requires any person in the business of dealing in firearms to be licensed.

The government contends that the defendant was within the class of people prohibited from possessing firearms shipped in interstate commerce because he had been convicted of a crime punishable by more than a year in jail.


L. Sand & J. Siffert. Modern Federal Jury Instructions, No. 35-46.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 60

(Counts Seventeen and Eighteen – Elements of the Offense)

The government must prove each of the following elements beyond a reasonable doubt in order to sustain its burden of proving the defendant guilty:

First, that the defendant was convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year;

Second, that the defendant knowingly possessed the firearm, as charged; and

Third, that the possession charged was in or affecting interstate or foreign commerce.

L. Sand & J. Siffert. <u>Modern Federal Jury Instructions</u>, No. 35-47.  *See id.,* Comment nn. 3 &4](1998); *see also United States v. Langley*, 62 F.3d 602, 606-07 (4th Cir. 1995), *cert. denied*, 116 S. Ct. 797 (1996); *United States v. Thomas*, 52 F.3d 82, 84-85 (4th Cir.), *cert. denied*, 516 U.S. 885 (1995).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 61

(Counts Seventeen and Eighteen – First Element – Defendant's
Prior Felony Conviction)

The first element the government must prove beyond a reasonable doubt before you can convict is that before the date the defendant is charged with possessing the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The government contends that the defendant was convicted of the following offenses in state and federal courts: [the government will provide a list].  I charge you that, as a matter of law, these offenses are crimes punishable by imprisonment for a term exceeding one year.  However, it is for you to determine beyond a reasonable doubt if the defendant was convicted of these crimes.

[If the parties, at the time of trial, stipulate to this element, please substitute for paragraph two above, the following language:

The parties have stipulated, that the defendant was convicted of a crime in state court and that this crime is punishable by imprisonment for a term exceeding one year.  It has also been stipulated that this felony conviction occurred prior to the time that the defendant is alleged to have possessed the weapon charged in the indictment.  You may thus accept this fact and not require the government to produce any further proof upon the matter.]

To satisfy the first element, you need only find that the defendant was convicted of at least one of these crimes and that the conviction was prior to the possession of the firearm charged in the indictment.  It is not necessary that the government prove that the defendant knew that his prior conviction was a crime punishable by imprisonment for more than one year, nor is it necessary for the defendant to have been sentenced to imprisonment for more than one year.  A plea of guilty has the same consequences as a conviction after trial.

I instruct you, in this connection, that the prior conviction that is an element of the charge here [and is not disputed,] is only to be considered by you for the fact that it exists, and for nothing else.  You are not to consider it for any other purpose. [You are not to speculate as to what it was for.]  You may not consider the prior convictions in deciding whether it is more likely than not that the defendant was in knowing possession of the gun that is charged, which is the disputed element of the offense.

L. Sand & J. Siffert. <u>Modern Federal Jury Instructions</u>, No. 35-48.  *See* nn. 2 & 3; s*ee also United States v. Muse*, 83 F.3d 672, 680-81 (4th Cir.), *cert. denied*, 117 S. Ct. 261 (1966).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 62

(Counts Seventeen and Eighteen – Second Element –
Possession of Firearm)

The second element which the government must prove beyond a reasonable doubt is that on or about the date set forth in the indictment the defendant knowingly possessed a firearm.

As I instructed you previously (*supra* at 63), a "firearm" is any weapon which will, or is designed to or may be readily converted to, expel a projectile by the action of an explosive.

To "possess" means to have something within a person's control.  This does not necessarily mean that the defendant had to hold the firearm physically, that is, have actual possession of it.  As long as the firearm is within his control, the defendant possesses it.  If you find that the defendant either had actual possession of the firearm, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

The law also recognizes that the possession may be sole or joint.  If one person alone possesses it, that is sole possession.  However, it is possible that more than one person may have the power and intention to exercise control over the firearm.  This is called joint possession. If you find that the defendant had such power and intention, then he possessed the firearm under this element even if he possessed it with another.  Proof of ownership of the firearm is not required.

To satisfy this element, you must also find that the defendant knowingly possessed the firearm.  This means that he possessed the firearm purposely and voluntarily, and not by accident or mistake.  It also means that he knew that the weapon was a firearm, as we commonly use the word.  However, the government is not required to prove that the defendant knew that he was breaking the law.

You are further instructed that the government is not required to prove that the firearm was operable in order to prove that it was a firearm as I have just defined for you.


L. Sand & J. Siffert. <u>Modern Federal Jury Instructions</u>, No. 35-49.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 63

(Counts Seventeen and Eighteen – Third Element –
Firearm In or Affecting Commerce)

The third element the government must prove beyond a reasonable doubt is that the firearm the defendant is charged with possessing was in or affecting interstate commerce.

This means that the government must prove that at some time prior to the defendant's possession, the firearm traveled in interstate commerce.  It is sufficient for the government to satisfy this element by proving that at any time prior to the date charged in the indictment, the firearm crossed a state line.  It is not necessary that the government prove that the defendant himself carried it across a state line, nor must the government prove who carried it across or how it was transported.  It is also not necessary for the government to prove that the defendant knew that the firearm had previously traveled in interstate commerce.

In this regard, there has been evidence that the firearm in question was manufactured in a different state than Maryland, where the defendant is charged with possessing it.  You are permitted to infer from this fact that the firearm traveled in interstate commerce; however, you are not required to do so.

L. Sand & J. Siffert. Modern Federal Jury Instructions, No. 35-50.

## <u>GOVERNMENT'S REQUESTED INSTRUCTION NO. 64</u>

(Count Nineteen – Witness Retaliation –
The Indictment and the Statute)

The defendant Shelton Harris is charged in Count Nineteen with retaliating against a witness or informant in an official federal proceeding.  The indictment reads:

[The Court is requested to read Count Nineteen of the Indictment to the Jury.]

The relevant statute on this subject is 18 U.S.C. § 1513.  It provides: Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or attempts to do so or damages the property of another person, or threatens to do so, with intent to retaliate against any person for ... any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole or release pending judicial proceedings given by a person to a law enforcement officer [shall be guilty of a crime]."

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, No. 46-33.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 65

(Count Nineteen – Statutory Purpose)

This statute is designed to protect persons from retaliation for the appearance of witnesses or parties in criminal and civil federal proceedings and from retaliation for information given to law enforcement officers about federal crimes.  The integrity of the federal system of justice depends upon persons giving truthful evidence and information free from the fear of retaliation.  This statute is devised to make it unlawful for anyone to retaliate against someone who has been a witness, victim or informant or against anyone associated with a witness, victim or informant.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 46-34.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 66

(Count Nineteen – Elements of the Offense)

In order to prove the defendant Harris guilty of Count Nineteen of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in conduct causing bodily injury to a person or attempted to do so, or damage the property of a person, or threatening to do so;

Second, that the defendant acted knowingly and with specific intent to retaliate against a person for information given relating to the commission of a federal offense to a law enforcement officer.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 46-35.

## <u>GOVERNMENT'S REQUESTED INSTRUCTION NO. 67</u>

(Count Nineteen – First Element)

The first element the government must prove beyond a reasonable doubt is that the defendant engaged in some conduct and thereby caused bodily injury or attempted to do so or threatened to do so.

Bodily injury means a cut, abrasion, bruise, burn or disfigurement, physical pain, illness or the impairment of the function of a bodily member, organ or mental faculty.  It includes injury to the body no matter how temporary.

In this regard, it is not necessary that the defendant himself caused the bodily injury.  It is sufficient if you find that the defendant knowingly participated in some activity which had the consequence or effect of injuring a person.  Nor is it necessary to prove that a person actually was injured; it is sufficient if the defendant knowingly threatened to cause bodily injury to a person.  A threat is simply the expression of intent to do harm.  A threat may be communicated by words as well as gestures.  In order to find the defendant threatened to cause bodily harm, you need not find that he intended to carry out the threat.

In addition, Count 19 is charged as an attempted crime, and I will instruct you on this in a moment.

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, No. 46-37.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 68

(Count Nineteen – Second Element)

The second element the government must prove beyond a reasonable doubt is that the defendant acted knowingly and with specific intent to retaliate against a person for information given relating to the commission of a federal offense to a law enforcement officer.

An act is done knowingly if it is done voluntarily and purposely and not by accident or mistake.

By specific intent, I mean that the defendant must have acted knowingly and with unlawful intent to retaliate against a person for the information given relating to the commission of a federal offense to a law enforcement officer.

In order to satisfy this element, it is not necessary for the government to prove that the defendant knew he was breaking any particular law.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 46-38.

## <u>GOVERNMENT'S REQUESTED INSTRUCTION NO. 69</u>

(Count Nineteen – Attempt)

As I indicated, Count 19 is also charged as an attempted crime.  In order to prove the crime of attempting to commit the crime of witness retaliation, the government must prove the following two elements beyond a reasonable doubt:

First, that the defendant intended to commit the crime of witness retaliation; and

Second, that the defendant did some act that was a substantial step in the effort to bring about or accomplish the crime.

Mere intention to commit a crime does not amount to an attempt.  In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of a crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other.  Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt.  The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an attempt to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

L. Sand & J. Siffert, <u>Modern Federal Jury Instructions</u>, No. 10-1.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 70

(Counts Two through Sixteen -- Aiding and Abetting)

In addition to actually committing the offenses charged in Counts Two through Sixteen, there is an additional principle of law by which a charged defendant may be found guilty. Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for you to find the person guilty.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proved that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed. Participation in a crime is willful if action is taken
voluntarily or intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere

acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

    To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

    Did he participate in the crime charged as something he wished to bring about?

    Did he associate himself with the criminal venture knowingly and willfully?

    Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abetter, and, therefore, guilty of the offense.

If, on the other hand, your answers to this series of questions are "no", then the defendant is not an aider and abettor, and you must find him not guilty.

L. Sand & J. Siffert, Modern Federal Jury Instructions, No. 11-2

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of August, 2008, a copy of the foregoing

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS** was sent by first-class mail, postage

prepaid, to the following:


Michael Lawlor, Esquire
Suit 704
6305 Ivy Lane
Greenbelt, MD 20850-5306

Laura Kelsey Rhodes, Esq.
Albright & Rhodes
200-A Monroe St.  Suite 305
Rockville, MD 20850

Gerard P. Martin, Esquire
25 S. Charles Street, Suite 2115
Baltimore, MD 21201

Paul M. Flannery, Esq.
25 S. Charles Street, Suite 2115
Baltimore, MD 21201


Thomas Crowe, Esquire
1622 The World Trade Center
401 E. Pratt St.
Baltimore, MD 21202

James Pyne
305 W. Chesapeake Ave.
Suite 209
Towson, MD 21204

Barry Coburn, Esquire
1350 Connecticut Avenue, N.W.
Suite 300
Washington, D.C.  20036

Adam Kurland, Esquire
2900 Van Ness Street, N.W.
Washington, D.C.    20008


_____
Robert R. Harding