## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. AMD-04-029 |
| SHELTON HARRIS, *et al.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANT SHELTON HARRIS'S PROPOSED INSTRUCTIONS TO THE JURY

The Defendant, Shelton Harris, by and through his attorneys, Gerard P. Martin and Paul M. Flannery, respectfully requests that the Court instruct the jury in this case using the following proposed instructions. Mr. Harris reserves the right to request further instructions should an issue arise during the trial that may necessitate such additional instructions. Mr. Harris further requests that the Court, in accordance with Rule 30 of the Federal Rules of Criminal Procedure, inform counsel prior to counsel's arguments to the jury whether it will give the requested instructions.

### HARRIS REQUEST NO. 1

Mr. Harris requests that the Court instruct the jury in this case using the following proposed standard instructions from 1 L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2008):

1.    Instruction 1-1—Instructions at Beginning of Trial

2.    Instruction 2-5—The Government as a Party

3.    Instruction 2-18—Jury to Consider Only This Defendant

4.    Instruction 3-1—Indictment Is Not Evidence

5.    Instruction 3-2—The Charges

6.    Instruction 3-3—Consider Only the Charges

7.      Instruction 3-5—Consider Each Defendant Separately

8.      Instruction 3-8—Multiple Counts-Multiple Defendants

9.      Instruction 4-1—Presumption of Innocence and Burden of Proof

10.     Instruction 4-2—Reasonable Doubt

11.     Instruction 4-3—Number of Witnesses and Uncontradicted Testimony

12.     Instruction 5-1—Marshalling Evidence

13.     Instruction 5-2—Direct and Circumstantial Evidence

14.     Instruction 5-4—Testimony, Exhibits, Stipulations, and Judicial Notice in General

15.     Instruction 5-17—Impeachment of Reputation Testimony

16.     Instruction 5-18—Opinion as to Character of Witness To Impeach Another Witness' Credibility

17.     Instruction 5-20—Admission of Codefendant (Limiting Instruction)

18.     Instruction 5-21—Improper Consideration of Defendant's Right Not To Testify

19.     Instruction 6-01—Inference Defined (Presumptions)

20.     Instruction 7-1—Witness Credibility—General Instruction

21.     Instruction 7-2—Bias and Hostility

22.     Instruction 7-3—Interest in Outcome

23.     Instruction 7-7—Unindicted Co-Conspirator as Government Witness

24.     Instruction 7-8—Statutory Immunity of Government Witness

25.     Instruction 7-9.1—Witness Using or Addicted to Drugs

26.     Instruction 7-12—Impeachment by Felony Conviction—Non-Defendant

27.     Instruction 7-14—Government Informers

28.     Instruction 7-16—Law Enforcement Witness

29.    Instruction 7-19—Impeachment by Prior Inconsistent Statement

30.    Instruction 7-20—Identification Testimony

31.    Instruction 7-21—Expert Witness (Generally)

**HARRIS REQUEST NO. 2**
**(Count One—Prosecution Under 18 U.S.C. §1962(d))**

In Count One, the indictment charges the defendants with conspiracy to violate the

Racketeer Influenced and Corrupt Organizations Act.  This means that the defendants have been

charged with conspiracy to conduct or participate in the affairs of an enterprise through a pattern

of racketeering activity.  The indictment reads as follows:

> Willie Mitchell, a/k/a Bo, Shelton Harris, a/k/a Rock, Little Rock, Hard Rock,
> Shelley Wayne Martin, a/k/a Wayne, Weaze, Weazy, and Shawn Gardner, a/k/a
> Goo, defendants herein, together with persons known and unknown to the Grand
> Jury, being persons employed by and associated with the Randallstown/Park
> Heights organization, an enterprise, which engaged in, and the activities of which
> affected, interstate and foreign commerce, did knowingly, intentionally, and
> unlawfully combine, conspire, confederate, and agree to violate Section 1962(c)
> of Title 18, United States Code, that is, to conduct and participate, directly and
> indirectly, in the conduct of the enterprise's affairs through a pattern of
> racketeering activity, as that term is defined in Sections 1961(1) and (5) of Title
> 18, United States Code, and through the commission of the acts as set forth . . .
> below.   It was a part of the conspiracy that each defendant agreed that a
> conspirator would commit at least two acts of racketeering activating, as listed
> below . . . , in the conduct of the affairs of the enterprise.

The defendants are charged with violating section 1962(d) of Title 18 of the

United States Code.  That section makes it a crime to conspire to violate sections 1961(a),

(b), or (c) of Title 18 of the United States Code.

The word "racketeering" has certain implications in our society.  Use of that term

in this statute and in this courtroom should not be regarded as having anything to do with your

determination of whether the guilt of the defendants has been proven.  The term is only a term

used by Congress to describe the statute.

In order to prove that the defendants violated section 1962(d), the government must establish beyond a reasonable doubt each of the following four elements of the offense:

First, that an enterprise existed as alleged in the indictment;
Second, that the enterprise affected interstate or foreign commerce;
Third, that the defendants were associated with or employed by the enterprise; and
Fourth, that the defendants knowingly and willfully became members of the conspiracy.

The first element that the government must prove beyond a reasonable doubt is that an "enterprise" existed as alleged in the indictment. For the purposes of this case, an enterprise includes a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit. *The hallmark concepts that identify RICO enterprises are "continuity, unity, shared purpose and identifiable structure." U.S. v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994), *citing United States v. Griffin*, 660 F.2d 996, 1000 (4th Cir.1981), *cert. denied,* 454 U.S. 1156, 102 S.Ct. 1029, 71 L.Ed.2d 313 (1982). *An associated in fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." Griffin, supra,* at 1000, *citing U.S. v. Turkette,* 101 S.Ct. 2524, 2528 (1981).

This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. *Where, as here, the enterprise charged is a wholly criminal one, proof of its existence may overlap proof of the connecting pattern of racketeering activity, but "proof of one does not necessarily establish the other." Griffin, supra,* at 999, *citing Turkette, supra,* at 2528. *"[T]he 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages," and its separate existence must be proved in order to convict. Id. Where, as here, the RICO enterprise charged*

*is not a legal entity, but merely a "group of individuals associated in fact," the purpose of the association, along with the composition of the group, is essential to proof of such an entity's "separate" existence. Griffen, supra, at 999.*

The government has charged that the enterprise in this case is as follows:

The Randallstown/Park Heights organization, a criminal organization, which operated in Baltimore, Baltimore County, Pennsylvania and elsewhere, whose members engaged in the distribution of controlled substances and committed acts of violence including conspiracy to commit murder, murder, armed robbery, and home-invasion robbery.

The government has also charged the following in the indictment as relating to the enterprise:

The Randallstown/Park Heights organization including its leadership, members and associates, constituted an "enterprise," as defined by Sections 1961(4) and 1959(b)(2) of Title 18, United States Code, that is, a group of individuals and an entity associated in fact, which engaged in, and the activities of which affected, interstate and foreign commerce.    The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

The government alleges that among the purposes of the enterprise were the following:

a.   Enriching the members and associates of the enterprise through, among other things, murder, armed robbery, home-invasion robbery, and distribution of controlled substances including cocaine base, commonly known as "crack", cocaine, marijuana and heroin.

b.   Preserving and protecting the power, territory and profits of the enterprise and retaliating against other individuals and organizations through the use of intimidation, violence, threats of violence, murder, and murder for profit.

c.   Promoting and enhancing the enterprise and its members' and associates' activities.

d.   Maintaining and promoting the rap music business in which members and associates were involved, including Shake Down Entertainment, Ltd.

e.   Preventing and obstructing the arrest and prosecution of members and associates through witness intimidation and disruption of court proceedings.

If you find that the Randallstown/Park Heights organization was a group of people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and (3) by personnel who function as a continuing unit, then you may find that an enterprise existed. If you find that this enterprise existed, you must also determine whether this enterprise continued in an essentially unchanged form during substantially the entire period charged in the indictment, from 1994 through on or about August 18, 2006. This does not mean that everyone involved has to be the same, but the core of the enterprise has to be the same throughout.

The second element the government must prove beyond a reasonable doubt is that the enterprise was engaged in or had an effect upon interstate commerce. Interstate commerce includes the movement of goods, services, money and individuals between states. The government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It does not have to prove that the racketeering activity affected interstate commerce, although proof that racketeering acts did affect interstate commerce is sufficient to satisfy this element. It is not necessary to prove that the acts of any particular defendant affected interstate commerce as long as the acts of the enterprise had such effect. Finally, the government is not required to prove that any defendant knew he was affecting interstate commerce.

The third element which the government must prove beyond a reasonable doubt in connection with Count One is that the defendants were associated with or employed by the enterprise. It is not required that the defendants have been employed by or associated with the enterprise for the entire time that the enterprise existed. It *is* required, however, that the

government prove, beyond a reasonable doubt, that at *some* time during the period indicated in the indictment, the defendants in question were employed by or associated with the enterprise.[1]

A person cannot be associated with or employed by an enterprise if he does not know of the enterprise's existence or the nature of its activities. Thus, in order to prove this element, the government must prove beyond a reasonable doubt that the defendants were connected to the enterprise in some meaningful way, and that the defendants knew of the existence of the enterprise and of the general nature of its activities.

The fourth element the government must prove beyond a reasonable doubt is that the defendants knowingly and willfully became a member of the conspiracy. This means that in order to meet its burden of proof, the government must show that the defendants agreed to participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity. The focus of this element is on the defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on the defendants' agreement to commit the individual criminal acts. The government must prove that the defendants participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved, the commission of two racketeering acts. The government is not required to prove either that the defendants agreed to commit two racketeering acts or that he actually committed two such acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.

For the purposes of this count, the indictment alleges that the following racketeering acts were or were intended to be committed as part of the conspiracy:

Racketeering Act One – Murder and Conspiracy to Murder Oliver McCaffity

---

[1] Emphasis in original.

Racketeering Act Two – Murder of Lisa Brown
Racketeering Act Three – Murder and Conspiracy to Murder Darryl Wyche
Racketeering Act Four – Murder and Conspiracy to Murder Anthony Wyche
Racketeering Act Five – Armed Robbery of Darryl and Anthony Wyche
Racketeering Act Six – Murder of Tanya Jones-Spence
Racketeering Act Seven – Armed Robbery of Tanya Jones Spence
Racketeering Act Eight – Conspiracy to Murder Darius Spence
Racketeering Act Nine – Drug Trafficking

In order for the state offense of murder to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that the defendants committed murder as defined by the State of Maryland.

Under Maryland law, first degree murder is the intentional killing of another person with willfulness, deliberation, and premeditation. In order to convict the defendants of first degree murder, the government must prove:

(1) that the conduct of the defendants caused the death of the victim; and
(2) that the killing was willful, deliberate, and premeditated.

Second degree murder is the killing of another person with either the intent to kill or the intent to inflict such serious bodily harm that death would be the likely result. Second degree murder does not require premeditation or deliberation. In order to convict the defendant of second degree murder, the State must prove:

(1) that the conduct of the defendant caused the death of the victim; and

(2) that the defendant engaged in the deadly conduct either with the intent to kill or with the intent to inflict such serious bodily harm that death would be the likely result.

Willful means that the defendants actually intended to kill the victim. Deliberate means that the defendant was conscious of the intent to kill. Premeditated means that the defendant thought about the killing and that there was enough time before the killing, though it may only have been brief, for the defendant to consider the decision whether or not to kill and enough time to weigh the reasons for and against the choice. The premeditated intent to kill must be formed before the killing.

Maryland Criminal Pattern Jury Instructions (MCPJI-Cr) 4:17(A)-(B).

In order for the state offense of armed robbery to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that the defendants

committed armed robbery as defined by the State of Maryland. The elements of that

offense are as follows:

> In order to convict the defendants of armed robbery, the government must prove
> all of the elements of robbery and must also prove that the defendants committed
> the robbery by using a dangerous weapon. A dangerous weapon is an object that
> is capable of causing death or serious bodily harm.

> Robbery is the taking and carrying away of property from someone else, by force
> or threat of force, with the intent to deprive the victim of the property. In order to
> convict the defendants of robbery, the government must prove:

> > (1) that the defendants took the property from the victim;
> > (2) that the defendants took the property by force or threat of force; and
> > (3) that the defendants intended to deprive the victim of the property.

> Property means anything of value. Deprive means to withhold property of
> another permanently, for such a period as to appropriate a portion of its value,
> with the purpose of restoring it only upon payment of a reward or other
> compensation, or to dispose of the property and use or deal with the property so as
> to make it unlikely that the owner will recover it.

> MPJI-Cr 4:28, 4:28(A).

In order for the state offense of conspiracy to murder to be considered as a

racketeering act, the government must prove to you beyond a reasonable doubt that the

defendants committed conspiracy as defined by the State of Maryland. The elements of

that offense are as follows:

> Conspiracy is an agreement between two or more persons to commit a crime. In order to
> convict the defendant[s] of conspiracy, the government must prove:

> > (1) that the defendant[s] entered into an agreement with at least one other person to
> > commit the crime of murder; and
> > (2) that the defendant[s] entered into the agreement with the intent that murder be
> > committed.

> MPJI-Cr 4:28, 4:08.

Racketeering Act Nine, Conspiracy to Commit Drug Trafficking, is a federal offense. I will instruct you on that crime when I instruct you on Count Eight of the indictment.

Again, the government must prove that two of these acts were, or were intended to be, committed as part of the conspiracy, although it need not prove that the defendants committed or agreed to commit any of these acts as long as the government proves that the defendants participated in some manner in the overall objective of the conspiracy. *I will instruct you on the elements the government must establish beyond a reasonable doubt in order to prove the defendants committed these alleged racketeering acts.*

*See* 1 L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2008), Instructions 52-26 through 56-32 (substantive modifications in italics).

## HARRIS REQUEST NO. 3
### (Count Eight—Prosecution Under 21 U.S.C. § 846)

I will now instruct you on Count Eight of the indictment, which is also charged as Racketeering Act Nine in Count One. In Count Eight, the defendants are charged with conspiracy to violate federal law. The indictment reads:

> Willie Mitchell, a/k/a Bo, Shelton Harris, a/k/a Rock, Little Rock, Hard Rock, Shelley Wayne Martin, a/k/a Wayne, Weaze, Weazy and Shawn Gardner, a/k/a Goo, defendants herein, did knowingly, willfully and unlawfully conspire with each other and with others known and unknown to the Grand Jury to knowingly, intentionally and unlawfully distribute and possess with intent to distribute fifty grams or more of a mixture or substance containing cocaine base, commonly known as 'crack,' a Schedule II controlled substance; five kilograms or more of a mixture or substance containing cocaine hydrochloride, a Schedule II controlled substance; a quantity of a mixture or substance containing heroin, a Schedule I controlled substance, and a quantity of a mixture or substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a).

The relevant statute on this subject is 21 U.S.C. § 846. It provides:

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

In this case, the defendant is accused of having been a member of a conspiracy to violate §21 U.S.C. § 841(a), which provides:

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

A conspiracy is a kind of criminal partnership-a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes." Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the conspiracy was not actually committed. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. [*Deletion—"This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture."*]

In order to satisfy its burden of proof, the government must establish each of the following two essential elements beyond a reasonable doubt: 1) That two or more persons entered the *specific* unlawful agreement charged in the indictment starting on or about 1994, up to in or about February 2004; and 2) That *each of* the defendants knowingly and willfully became a member of the conspiracy.

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the *specific* unlawful agreement charged in the indictment. In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish the *specific* unlawful act *or acts charged.* You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, in determining whether an agreement existed here, *you may but are not required to* consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish a *specific* unlawful purpose.

In this case, the defendants contend that the government's proof fails to show the existence of only one overall conspiracy. Rather, they claim that *the evidence has established, at best,* several separate and independent conspiracies with various groups of members.

Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you. When two or more people join together to further one

common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes. Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in the indictment, unless one of the conspiracies proved happens to be the single, *specific* conspiracy described in the indictment.

You may find that there was a single conspiracy despite the fact that there were changes in *[Deletion—"either"]* personnel, by the termination, withdrawal, additions of new members, or activities, or both, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purpose(s) charged in the indictment. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist. On the other hand, if you find that the *specific* conspiracy charged in the indictment did not exist, you cannot find any defendant guilty of *that specific* conspiracy charged in the indictment. This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership. Similarly, if you find that a particular defendant was a member of another conspiracy, and not the one charged in the indictment, then you must acquit the defendant of the conspiracy charge *here*. Therefore, what you must do is determine whether the *specific* conspiracy charged in the indictment existed. If it did, you then must determine the nature of the conspiracy and who were its members.

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendants knowingly, willfully and voluntarily became members of the conspiracy. If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In

deciding whether a defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker? In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment. As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement. It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them. The defendant's knowledge is a matter of inference from the facts proved. [*Deletion—"In that connection, I instruct you that"*] To become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities, and he need not have been fully informed as to all of the details, or the *whole* scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives. The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of

his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy. I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy. I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in *the particular conspiracy charged in the indictment* for the purpose of furthering the illegal undertaking *alleged*. He thereby becomes a knowing and willing participant in the unlawful agreement-that is to say, a conspirator.

You will recall that I have admitted into evidence against the defendants *certain* acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendants on trial. The

reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy *which are done or said* in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions. If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a member of the conspiracy charged in the indictment, then, any acts done or statements made in furtherance of the conspiracy by persons found by you to have also been members of that conspiracy, may be considered against that defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge. However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

One or more of Defendants has raised the defense that they were not members of they conspiracy because he withdrew from the conspiracy. Once a person joins a conspiracy, that person remains a member until he withdraws from it. Any withdrawal must be complete and it must be done in good faith. A person can withdraw from a conspiracy by taking some

affirmative steps to terminate or abandon his participation in, and efforts to promote, the conspiracy. In other words, the defendant must have demonstrated some type of positive action which disavowed or defeated the purpose of the conspiracy. By way of example, a defendant may withdraw from a conspiracy by: giving a timely warning to the proper law enforcement officials; or by wholly depriving his prior efforts of effectiveness in the commission of the crime; or by making appropriate efforts to prevent the commission of a crime; or by doing acts which are inconsistent with the objects of the conspiracy and making reasonable efforts to communicate those acts to his co-conspirators. In this regard, you are reminded that the burden remains on the government to prove, beyond a reasonable doubt, that the defendant was a member of the conspiracy and did not withdraw from it.

It is not a defense to a conspiracy charge that the object of the conspiracy could not be achieved because of circumstances that the conspirators did not know about. Thus, you may find the defendants guilty of conspiracy even though it was impossible for them to carry out their plan successfully.

*See* 1 L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2008), Instruction 19-1–19-10 (substantive modifications in italics).

## HARRIS REQUEST NO. 4
### (Counts Two, Four, Five, Six and Seven—Prosecution Under 18 U.S.C. §1959(a)(1))

In Counts Two, Four, Five and Six, the indictment charges the defendants, all or in part, with committing violent crimes in aid of racketeering. The indictment can be summarized as follows as to Counts Two, Four, Five and Six:

**Count Two** – Willie Mitchell, a/k/a Bo, and Shelton Harris, a/k/a Rock, Little Rock, Hard Rock, committed a violent crime in aid of racketeering by feloniously, willfully and by deliberately premeditated malice aforethought killing and murdering Oliver McCaffity against

the peace, government and dignity of the State, in violation of Maryland law and Article 27, Sections 407 and 411 of the Annotated Code Maryland.

**Count Four** – Willie Mitchell, a/k/a Bo, and Shelton Harris, a/k/a Rock, Little Rock. Hard Rock, committed a violent crime in aid of racketeering by feloniously, willfully and of deliberately premeditated malice aforethought killing and murdering Lisa Brown against the peace, government and dignity of the State, and by committing said murder in the perpetration of the murder of Oliver McCaffity, in violation of Maryland common law and Article 27, Sections 407, 410 and 411 of the Annotated Code Maryland.

**Count Five** – Willie Mitchell, a/k/a Bo, Shelton Harris, a/k/a Rock, Little Rock, Hard Rock, Shelley Wayne Martin, a/k/a Wayne, Weaze, Weazy and Shawn Gardner, a/k/a Goo, committed a violent crime in aid of racketeering by feloniously, willfully and by deliberately premeditated malice aforethought killing and murdering Darryl Wyche, and by committing said murder in the perpetration of robbery, against the peace, government, and dignity of the State, thereby violating Maryland common law and Sections 407, 410, 411, 411A, 486 and 487 of Article 27, Annotated Code of Maryland.

**Count Six** – Willie Mitchell, a/k/a Bo, Shelton Harris, a/k/a Rock, Little Rock, Hard Rock, Shelley Wayne Martin, a/k/a Wayne, Weaze, Weazy and Shawn Gardener, a/k/a Goo, committed a violent crime in aid of racketeering by feloniously, willfully and by deliberately premeditated malice aforethought killing and murdering Anthony Wyche, and by committing said murder in the perpetration of robbery, against the peace, government, and dignity of the State, thereby violating Maryland common law and Sections 407, 410, 411, 411A, 486 and 487 of Article 27, Annotated Code of Maryland.

**Count Seven** – Shawn Gardner, a/k/a Goo, committed a violent crime in aid of racketeering by feloniously, willfully and of deliberately premeditated malice aforethought killing and murdering Tanya Jones-Spence, and by committing said murder during the perpetration of robbery against the peace, government, and dignity of the State, thereby violating Maryland common law and Sections 407, 410, 411, 411A, 486 and 487 of Article 27, Annotated Code of Maryland.

As to Counts Two, Four, Five, Six and Seven you should consider the following:

The defendants are charged with violating sections 1959(a)(1) of Title 18 of the United States Code. These sections read as follows:

[a] Whoever, as consideration for the receipt of, or as consideration
for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished—

(1) for murder, by death or life imprisonment, or a fine under this title, or both; and for kidnapping, by imprisonment for any term of years or for life, or a fine under this title, or both.

As I have already instructed you, the word "racketeering" has certain implications in our society. Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of the defendants has been proven. The term is only a term used by Congress to describe the statute.

In order to prove that the defendants violated section 1959(a)(1), the government must establish beyond a reasonable doubt each one of the following five elements of the offense:

First, that an enterprise affecting interstate commerce existed;
Second, that the enterprise was engaged in racketeering activity;
Third, that the defendants had or were seeking a position in the enterprise;

Fourth, that the defendants committed the alleged crime of violence; and
Fifth, that the defendants' general purpose in committing the crime of violence were to maintain or increase their position in the enterprise or in consideration for the receipt of anything of value.

The first element the government must prove beyond a reasonable doubt is that an "enterprise" existed, which was engaged in or had an effect upon, interstate commerce. I have already read you the section of the indictment in which the government charged the Randallstown/Park Heights organization as an enterprise. If you found that that enterprise did or did not exist earlier, then the same finding will apply here. The government is also required to prove beyond a reasonable doubt that that enterprise was engaged in or had any effect upon interstate commerce. I have already instructed you on how to determine whether an enterprise was engaged in or had any effect upon interstate commerce. If you found that that enterprise was or was not engaged in or had any or no effect upon interstate commerce, then the same finding will apply here.

The second element the government must establish beyond a reasonable doubt is that that enterprise was engaged in racketeering activity. The indictment alleges that the following acts of racketeering activity were engaged in by the enterprise:

The Randallstown/Park Heights organization, an enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(a), namely conspiracy to distribute controlled substances in violation of Title 21, United States Code, Section 846, witness retaliation in violation of Title 18, United States Code, Section 1513, armed robbery and murder.

I charge you that "racketeering activity" includes such offenses as distributing controlled substances, witness retaliation, armed robbery and murder. It is for you to determine whether that enterprise engaged in these activities as charged. You should give the words "engaged in" their ordinary, everyday meaning. For an enterprise to be engaged in racketeering activity it is

enough to show that the enterprise committed or was planning to commit some racketeering activity within a period of time short enough under all of the circumstances so that it is appropriate to say that the enterprise was engaged in racketeering activity.

In order for the state offense of murder to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that the defendants committed murder as defined by the State of Maryland. I instruct you again:

> Under Maryland law, first degree murder is the intentional killing of another person with willfulness, deliberation, and premeditation. In order to convict the defendants of first degree murder, the government must prove:
>
> (1) that the conduct of the defendants caused the death of the victim; and
> (2) that the killing was willful, deliberate, and premeditated.
>
> Second degree murder is the killing of another person with either the intent to kill or the intent to inflict such serious bodily harm that death would be the likely result. Second degree murder does not require premeditation or deliberation. In order to convict the defendant of second degree murder, the State must prove:
>
> (1) that the conduct of the defendant caused the death of the victim; and
>
> (2) that the defendant engaged in the deadly conduct either with the intent to kill or with the intent to inflict such serious bodily harm that death would be the likely result.
>
> Willful means that the defendants actually intended to kill the victim. Deliberate means that the defendant was conscious of the intent to kill. Premeditated means that the defendant thought about the killing and that there was enough time before the killing, though it may only have been brief, for the defendant to consider the decision whether or not to kill and enough time to weigh the reasons for and against the choice. The premeditated intent to kill must be formed before the killing.
>
> MPJI-Cr 4:28, 4:17(A)-(B).

In order for the state offense of armed robbery to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that the defendants committed armed robbery as defined by the State of Maryland. I repeat that the elements of that offense are as follows:

In order to convict the defendants of armed robbery, the government must prove all of the elements of robbery and must also prove that the defendants committed the robbery by using a dangerous weapon. A dangerous weapon is an object that is capable of causing death or serious bodily harm.

Robbery is the taking and carrying away of property from someone else, by force or threat of force, with the intent to deprive the victim of the property. In order to convict the defendants of robbery, the government must prove:

    (4) that the defendants took the property from the victim;
    (5) that the defendants took the property by force or threat of force; and
    (6) that the defendants intended to deprive the victim of the property.

Property means anything of value. Deprive means to withhold property of another permanently, for such a period as to appropriate a portion of its value, with the purpose of restoring it only upon payment of a reward or other compensation, or to dispose of the property and use or deal with the property so as to make it unlikely that the owner will recover it.

MPJI-Cr 4:28, 4:28(A).

In addition in Counts Four, Five, Six and Seven, the murders are charged also as felony murders under Maryland law. Count 4 charges that the murder of Lisa Brown was committed in furtherance of the murder of Oliver McCaffity.

In order to convict of felony murder on Count Four, the government must prove three elements:

(1)    that the defendant or another participating in the crime with the defendant did murder Oliver McCaffity;
(2)    that the defendant or another participating in the crime killed Lisa Brown; and
(3)    that the act resulting in the death of Lisa Brown occurred during the commission or escape from the scene of the murder of Oliver McCaffity.

It is not necessary for the government to prove that the defendant intended to kill Lisa Brown in order to convict of felony murder.

Counts Five, Six and Seven charge that the murders occurred during the perpetration of armed robbery. I have already instructed you on the individual elements of armed robbery the government must prove beyond a reasonable doubt. In order to convict of felony murder on these counts, the government must prove three elements:

(1)    that the defendant or another participating in the crime with the defendant committed armed robbery;

(2)    that the defendant or another participating in the crime killed the victim named in each count; and

(3)    that the act resulting in the death of named victims occurred during the commission or escape from the immediate scene of the robbery.

It is not necessary for the government to prove that the defendant intended to kill the victim in order to convict of felony murder.

MPJI-Cr 4:17.6 (Felony Murder).

The third element the government must establish beyond a reasonable doubt in order to convict the defendants of violating Section 1959(a)(1) is that defendants had or were seeking a position in the enterprise. To establish this element the government must prove that defendants were actively engaged in promoting the illegal activities of the enterprise. It is not enough to prove that the defendants were doing business with the enterprise; the government must prove that they were actually members of the enterprise.

The fourth element the government must establish beyond a reasonable doubt is that the defendants committed the alleged violent crimes in aid of racketeering charged in the indictment, those being murder, armed robbery, witness retaliation and conspiracy to distribute controlled substances. I have already instructed you on the elements of these state and federal crimes.

The fifth element the government must establish beyond a reasonable doubt is that the defendants' general purpose in committing the alleged violent crimes in aid of racketeering was to maintain or increase their position in or to gain entrance to the enterprise, or in consideration for the receipt of anything of value. The government is required to prove that the defendants' general purpose was to maintain or increase their position in the enterprise. The government is not required to prove that it was the defendants' sole or principal motive. In determining whether the defendants' purpose in committing the alleged violent crimes in aid of racketeering

were to maintain or increase their position in the enterprise, you should give the words "maintain" and "increase" their ordinary meanings. You should consider all of the facts and circumstances in making that determination. For example, you may consider evidence, *if any exists*, that the crime, if proved, was committed in order to maintain discipline within the enterprise and served to maintain a defendant's position in the enterprise. If a defendant committed a crime because he knew it was expected of him by reason of his membership in the enterprise, or if he committed the crime because he thought it would enhance his position or prestige within the enterprise, or if he committed it because he thought it was necessary to maintain the position he already held, this element would be established. *If, on the other hand, he committed the crime for some personal reason unrelated to the proven goals of the enterprise, then the element has not been satisfied.* These examples are only meant by way of illustration. They are not exhaustive.

See 1 L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2008), Instruction 52-34 through 52-41 (substantive modifications in italics).

### HARRIS REQUEST NO. 5
#### (Count Three—Prosecution Under 18 U.S.C. § 1959(a)(5))

In Count Three, the indictment charges Mr. Harris and Mr. Mitchell with conspiring to commit violent crimes in aid of racketeering. The indictment can be summarized as follows as to Count Three:

**Count Three** – Willie Mitchell, a/k/a Bo, and Shelton Harris, a/k/a Rock, Little Rock, Hard Rock, committed a violent crime in aid of racketeering by conspiring with one another and with other persons known and unknown to feloniously, willfully and of deliberately premeditated malice aforethought kill and murder Oliver McCaffity, in violation of and against the peace,

24

government and dignity of the State, in violation of Article 27, Sections 407 and 411 of the Annotated Code of Maryland and Maryland common law.

As to Count Three you should consider the following:

Mr. Harris and Mr. Mitchell are charged with violating section 1959(a)(5) of Title 18 of the United States Code. That section reads as follows:

> [a]  Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished—
>
> (5)  for attempting or conspiring to commit murder or kidnapping, by imprisonment for not more than ten years or a fine under this title, or both.

I have already instructed you on the implications of the word "racketeering" in our society.

In order to prove that the defendants violated section 1959(a)(5), the government must establish beyond a reasonable doubt each one of the following three elements of the offense:

> First, the defendants entered an unlawful agreement to commit murder in violation of Maryland law;
> Second, that the defendants knowingly became members of the conspiracy; and
> *Third, that the defendants' general purpose in conspiring to committing the crime of violence was to maintain or increase their position in the enterprise or in consideration for the receipt of anything of value.*

*I have already instructed you on the first two elements relating to conspiracy in connection with Count Eight and Racketeering Act Nine.*

*The third element the government must establish beyond a reasonable doubt is that the defendants' general purpose in conspiring to commit the alleged violent crime in aid of racketeering was to maintain or increase their position in or to gain entrance to the enterprise,*

*or in consideration for the receipt of anything of value. I have already instructed you on this element of the offense in connection with Counts Two, Four, Five, Six, and Seven.*

See 1 L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2008), Instruction 19-3 (substantive modifications in italics).

### HARRIS REQUEST NO. 6
**(Counts Nine through Sixteen—Prosecution Under 18 U.S.C. § 924(c))**

Mr. Harris respectfully requests the Court read Instructions 35-76 through 35-80—Use or Possession of Firearm to Commit a Crime of Violence, from 1 L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2008).

### HARRIS REQUEST NO. 7
**(Counts Eleven, Thirteen, Fourteen, and Sixteen—Prosecution Under 18 U.S.C. §§ 924(c),924(j), 1111)**

Mr. Harris respectfully requests the Court read Instructions 41-1 through 41-7—Premeditated Murder, from 1 L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2008).

### HARRIS REQUEST NO. 8
**(Prosecution Under 18 U.S.C. § 1513(b)(2))**

Mr. Harris is charged in Count Nineteen the indictment with retaliating against a witness in an official federal proceeding. The indictment reads:

> Shelton Harris a/k/a Rock, Little Rock, Hard Rock the defendant herein, did knowingly engage and attempt to engage in conduct and thereby caused bodily injury and damaged the tangible property of another person, whose identity is known to the grand jury, and threatened to do so, in that the defendant physically struck and wrestled with another person, with the intent to retaliate against a person for information relating to the commission or possible commission of federal offenses, namely, racketeering, murder and narcotics trafficking, given by a person to a law enforcement officer.

The relevant statute on this subject is 18 U.S.C. §15139(b)(2). It makes it a crime to:

[K]nowingly engage in any conduct that causes bodily injury to another person or damages the tangible property of another person, or threaten to do so, with intent to retaliate against any person for—

    (2) any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings given by a person to a law enforcement officer.

This statute is designed to protect persons from retaliation for the appearance of witnesses or parties in criminal and civil federal proceedings and from retaliation for information given to law enforcement officers about federal crimes.   The integrity of the federal system of justice depends upon persons giving truthful evidence and information free from the fear of retaliation.   This statute is devised to make it unlawful for anyone to retaliate against someone who has been a witness, victim or informant or against anyone associated with a witness, victim or informant.

In order to convict the defendant of witness retaliation, the government must prove to you beyond a reasonable doubt that the defendant committed that offense as defined by federal law. In order to convict the defendants of witness retaliation, the government must prove each of the following elements beyond a reasonable doubt:

    1) that the defendant engaged in conduct causing bodily injury to a person or damage to the property of a person, or threatening to do so; and
    2) that the defendant acted knowingly and with specific intent to retaliate against a person for information given relating to the commission of a federal offense to a law enforcement officer.

A law enforcement officer means an officer or employee of the federal government authorized to prevent, investigate or prosecute offenses or serving as a probation officer. [*Deletion—"You are instructed that [insert, e.g., Officer/Agent/Deputy] is a law enforcement officer."*]   The first element the government must prove beyond a reasonable doubt is that the defendants engaged in some conduct and thereby caused bodily injury or damage to property or

threatened to do so. Bodily injury means a cut, abrasion, bruise, burn or disfigurement, physical pain, illness or the impairment of the function of a bodily member, organ or mental facility. It includes any injury to the body no matter how temporary. In this regard it is not necessary that the defendants themselves caused the bodily injury or damage to property. It is sufficient if you find that the defendants knowingly participated in some activity which had the consequence or effect of injuring a person or property. Nor is it necessary to prove that a person or property actually was injured or damaged; it is sufficient if the defendants knowingly threatened to cause bodily injury or damage to property. A threat is simply the expression of intention to do harm. A threat may be communicated by words as well as gestures. In order to find that the defendants threatened to cause a person bodily harm, you need not find that he intended to carry out the threat.

The second element the government must prove beyond a reasonable doubt is that the defendants acted knowingly and with the specific intent to retaliate against a person for the information given relating to the commission of a federal offense to a law enforcement officer. An act is done knowingly if it is done voluntarily and purposely and not by accident or mistake. By specific intent, I mean that the defendants must have acted knowingly and with the *specific* unlawful intent to retaliate against a person for his role in the official proceeding, *and not merely out of anger and frustration.* In order to satisfy this element, it is not necessary for the government to prove that the defendants knew he was breaking any particular law. *See* 1 L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2008), Instructions 46-33–46-38 (substantive modifications in italics).

### HARRIS REQUEST NO. 9
**(Count Nineteen—Attempt)**

Mr. Harris respectfully requests the Court read Instruction 10-1—Attempt, from 1 L.

Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2008).

### HARRIS REQUEST NO. 10
**(Counts Two through Sixteen—Prosecution under 18 USC § 2)**

Mr. Harris respectfully requests the Court read Instruction 11-2—Aiding and Abetting,

from 1 L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2008).

### HARRIS REQUEST NO. 9
**(Transcripts of Tape Recordings)**

You have seen two separate documents, one containing the government's interpretation

of what appears on the tape recording; the other containing the defense interpretation.  Both of

these versions of the transcripts have been given to you as a guide to assist you in listening to the

tapes.  Neither transcript has been received in evidence.  Rather, it is the tape recording which is

the evidence and the transcripts are only guides.  *The transcripts were only provided to you as an*

*aid, and you should make your own determination as to what was actually said, or not said, on*

*the tape.*  You alone should make your own interpretation of what appears on the tapes from

what you hear.  You may use both the government version and the defense version of the

transcripts to assist you in this task.  If you think you hear something differently from the

government or the defense has interpreted on their version of the transcripts, then you are to

follow your own interpretation.  You may agree partially with each and you may accept those

portions you agree with and reject those portions you disagree with.  You need not select

between the two versions and you *must* come up with your own findings of what appears on the

tapes. You, the jury, are the sole judges of the facts.

*See* 1 L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2008), Instruction 5-9 (comment section)(substantive modifications in italics).

## HARRIS REQUEST NO. 11
### (Accomplices and Informers Called by the Government)

You have heard witnesses who testified that they were actually involved in planning and carrying out *certain* crime(s) charged in the indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them. The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others. For those very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt. However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

*The testimony of an alleged accomplice, and the testimony of one who provides evidence against a defendant as an informer for pay or for immunity from punishment or personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendants, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be considered with caution and weighed with great care. You should never convict any defendant upon the unsupported testimony of such*

*a witness unless you believe that testimony beyond a reasonable doubt. See* 1 L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2008), Instruction 7-5 (comment), *United States v. Garcia Abrego,* 141 F.3d 142, 153 (5th Cir.), *cert. denied,* 525 U.S. 878 (1998).

*Now, in this case, there was also evidence that some of the accomplices made plea agreements with the government under which they received additional considerable advantages. You may consider these agreements and the witnesses' hopes as to future advantages, in judging their credibility as well. With respect to [Witnesses,] particularly keep in mind in judging their testimony and their credibility that the government has the power to confer or withhold future advantages, depending on the value of their cooperation. See* 1 L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2008), Instruction 7-5 (comment), *United States v. Silvestri,* 790 F.2d 186, 191-192 (1st Cir. 1986). You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was that motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony? In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.

*See* 1 L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal (2008), Instruction 7-5 (substantive modifications in italics).

Respectfully submitted,


_____/s/_____
Gerard P. Martin (Fed. Bar No. 00691)
Paul M. Flannery (Fed. Bar No. 28574)
Rosenberg | Martin | Greenberg, LLP
25 S. Charles St. Suite 2115
Baltimore, Maryland 21201
410-727-6600
Fax 410-727-1115

*Attorneys for Defendant Shelton Harris*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of August, 2008, a copy of the foregoing

Defendant Shelton Harris's Proposed Instructions to the Jury was mailed first-class, postage

prepaid, to:

Robert Harding, Esquire
Michael C. Hanlon, Esquire
Assistant United States Attorneys
United States Attorney's Office
  District of Maryland
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201

Michael Lawlor, Esquire
6305 Ivy Lane, Suite 704
Greenbelt, MD 20770

Laura Kelsey Rhodes, Esquire
200-A Monroe Street, Suite 305
Rockville, Maryland  20850

Thomas L. Crowe, Esquire
Law Office of Thomas L. Crowe
401 East Pratt Street, Suite 1622
Baltimore, Maryland 21202

James Pyne, Esquire
305 W. Chesapeake Avenue
Suite 209
Towson, Maryland 21204

Barry Coburn, Esquire
1350 Connecticut Avenue, N.W.
Suite 300
Washington, D.C. 20036

Adam Kurland, Esquire
2900 Van Ness Street, N.W.
Washington, D.C. 20008

_____/s/_____
Paul M. Flannery