U.S. Department of Justice

United States Attorney
District of Maryland
Northern Division

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | DIRECT: 410-209-4895<br>MAIN: 410-209-4800<br>FAX: 410-962-3124 |
| *Michael C. Hanlon*<br>*Deputy Chief, Violent Crime* | | TTY/TDD: 410-962-4462<br>Michael.Hanlon@usdoj.gov |

October 14, 2008

VIA ELECTRONIC FILING

Honorable Andre M. Davis
United States District Judge
U.S. Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:    United States v. Willie Mitchell et al.
                Case No. AMD-04-0029

Dear Judge Davis:

      I am writing in response to the recent motion in limine and letter submitted by counsel for Shawn Gardner ("Gardner"), in which counsel requests that the Court: (1) give the jury a mid-trial and post-trial dual sovereignty instruction; and (2) permit the defense to elicit from government witnesses that Gardner is serving a life sentence without possibility of parole. For the reasons stated below, the government opposes both requests.

**The Dual Sovereignty Instruction**

      In the aforementioned motion in limine, the defense once again revisits the question of the prior state prosecution of Gardner by asking the Court to take the unusual step of advising the jury about the fact that the charged crimes could be charged in state court. The government opposes any such instruction, for the following reasons:

      First, the legal relationship between the United States and the state of Maryland, and their respective laws, have no relevance on the factual issues in this case. The fact that the crimes charged in the Indictment (or a subset of them) could be charged in state court makes it neither more nor less likely that the Defendant is guilty of the charged crimes. Contrary to the defense's repeated insinuations, the government has presented no evidence and made no argument that remotely calls

into question the capability of the state courts to handle prosecution of the offenses in this case.[1]  The defense's concern, that the jury will (on its own) develop some kind of angst about whether the state courts are capable of handling the crimes charged in the Indictment, is rank speculation.  There is no reason to believe that the jury has any such concerns, and that defense's repeated attempts to insert the state criminal justice system in this case can only have the effect of manufacturing such concerns.

The better course, and the course urged by the government, is to allow the jury to hear the *factual* evidence in the case, and to make a decision on guilt or non-guilt based on the facts, *not* on abstract, theoretical concerns about whether the state court system should have the case.

Second, the dual sovereignty problems posited by the defendant are no different than those found in virtually any federal case.  As the Court is well aware, federal courts routinely handle matters, including narcotics cases, commercial and bank robbery and kidnaping, that could also be charged in state court.  It has never been routine practice to advise each and every jury that the state courts have their own jurisdiction.  Similarly, there is no reason to do so in this case.

Thirdly, the government is at a loss as to why this instruction, if it is given at all, should be given midtrial.  The Court already intends to give a full and complete instruction to the jury at the conclusion of this case about an array of issues that are as critical, or more critical, than the dual sovereignty issue.  Those instructions will include the elements of the charged crimes, burden of proof, the presumption of innocence, the privilege against self-incrimination, and numerous others.  If those instructions (which involve basic, constitutional rules of due process) can wait until the end of trial, then surely the dual sovereignty instruction (assuming that it is given) may as well.

Indeed, the government submits that the only effect to giving the dual sovereignty instruction

---

[1]  Indeed, one of the themes of the case thus far has been the government's attempts to leave state court proceedings, dispositions and convictions out of the case, and to allow the jury to hear the evidence without such distraction.  The defense, on the other hand, repeatedly has sought to present evidence of prior state dispositions and proceedings to the jury, for one reason or another (including Gardner's attempt to have the fact of his state conviction presented to the jury, and the defense team's general decision to elicit the fact of prior state dispositions into the evidence concerning the defendants' drug activities during the 1990s).  The government has opposed all such efforts, in each instance for the simple reason that such proceedings have no relevance to this case.

Fundamentally, Gardner's instant request imagines a hypothetical problem, and then requests an actual (but potentially confusing) solution.  If the defendant is concerned about the jury becoming confused about whether the charged offenses can be brought in state courts, the best course is to simply leave state proceedings out of this case and to do nothing to invite the jury to guess and speculate about whether the state can, or should, charge the crimes at issue.  On the other hand, giving the jury a special instruction on the concept of dual sovereignty would certainly lead them to speculate about whether the state courts have, can or will charge the crimes at issue.

during the middle of trial would certainly imply that the Court was specifically targeting that instruction to a particular set of evidence. Gardner's request for a dual sovereignty instruction coincides closely with the scheduled presentation of the June 7, 2002 murder of Tonya Jones-Spence, for which Gardner was previously convicted in state court. It is difficult to believe that the jury would not connect the two were the Court to give the instruction at precisely that point in the trial.

At bottom, the government submits that there is not reason to tell the jury, charged with determining the factual guilt of non-guilty of the Defendant, that it would also be proper to try the case in another forum. Such an instruction invites the jury to speculate about whether the Defendant would be retried following an acquittal (or conviction), and to speculate about whether the Defendant has already been acquitted (or convicted). The dual sovereignty principle has no bearing on the guilt or innocence of the Defendant, and the jury needs no such instruction.[2]

### Evidence Concerning Gardner's Life Sentence

The government also opposes any evidence that Gardner is serving a life sentence in state prison.

As a threshold matter, the defense's request on this point raises the same concerns as its request to have the jury told that Gardner was convicted of murder in state court. As the Court previously ruled, such evidence amounts practically to a plea of guilty, and such a tactic would require the clear and unambiguous approval of the defendant. To the government's knowledge, the defendant has provided no such approval.

Counsel will no doubt argue that such concerns are assuaged because, by this request, the defense seeks only to present evidence of a life sentence, rather than the fact of conviction. That argument ignores the obvious fact that telling the jury that Gardner is serving a life sentence in state prison will lead them to one of two conclusions: either that Gardner was convicted in state court of the Jones-Spence murder and they have not been told; or that Gardner committed some other, undisclosed crime (for which he received a life sentence). Either strategy carries the same risk and same problems as the original defense proposal, and as such requires the strict consent of the defendant.

More substantively, the fact that the defendant is serving a life sentence is utterly lacking in relevance and should be excluded under Rules 401, 402 and 403 of the Federal Rules of Evidence. That the defendant is scheduled to spend the rest of his life in state prison has no relevance whatsoever to whether he was a member of the drug conspiracy or RICO enterprise charged in this Indictment, or whether he is guilty of the charged crimes.

The defense suggests in its letter that Gardner's incarceration is relevant to explaining his

---

[2] Notably, it is no defense to a charge under the RICO or drug conspiracy statutes that a crime could be, or has been, already tried in state court. Given that the fact of Maryland's jurisdiction in this case is not a defense to the charged crimes, there is no reason for the Court to address such jurisdiction in its instructions.

separation from the other defendants, and is relevant to his intent and ability to remain in a conspiracy through 2006 with defendants from whom he is separated. There are two defects with that argument:

First, the defense theory that Gardner has been separated is misleading. As the Court is aware, Gardner has been moved from state court to federal court on several occasions for proceedings related to this case.[3] During those movements, Gardner was housed as a federal prisoner and was in court with his co-defendants. It is those court proceedings that constitute a significant part of the government's obstruction allegations against Gardner and his companions. While the defense can certainly make whatever arguments it wishes concerning Gardner's periodic separation from his accomplices, Gardner's presence in the state judicial system has hardly precluded him from having contact with the other defendants.

Second, even assuming that there is some merit to the defense theory concerning Gardner's state incarceration, there is no reason that the jury should be told that Gardner will be spending the rest of his life in state prison. Any relevance (even from a defense point-of-view) to such testimony arises from the theory of Gardner's *previous* separation from the others, not his prospective separation. The defense can make its point simply by demonstrating (for what it is worth) that Gardner intermittently has been housed in different facilities from the other defendants during the relevant years. There is no reason that the jury needs to know about the defendant's life prison sentence for that defense to be made.

For the foregoing reasons, the United States respectfully requests that the Court deny the recent requests by Defendant Gardner.

                                      Very truly yours,

                                      Rod J. Rosenstein
                                      United States Attorney


                              By:_____/s/_____
                                  Michael C. Hanlon
                                  Assistant United States Attorney

cc:    All Counsel

---

[3] Indeed, the Court may recall that Gardner previously moved to dismiss his federal indictment on the grounds of violations of the Interstate Agreement on Detainers, citing his movement back and forth between the detention systems. The defense can hardly deny now that Gardner has, from time to time, been in federal custody, including into 2006.