IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| SHELLEY WAYNE MARTIN, *et al.*, | * | CRIMINAL NO. AMD-04-029 |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**SHELLEY WAYNE MARTIN'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR JUDGMENT OF ACQUITTAL TO
BE MADE AT THE CLOSE OF THE GOVERNMENT'S EVIDENCE**

Upon the request of the Court, Defendant Shelley Wayne Martin, through court-appointed counsel, Thomas L. Crowe and James G. Pyne, hereby files this Memorandum of Law in support of the oral Motion for Judgment of Acquittal counsel intend to make at the close of the Government's case.

The standard for granting a defendant's motion for judgment of acquittal under Rule 29, Fed. R. Crim. Proc., is well known to the Court. The Court must grant a motion for judgment of acquittal if, after viewing the evidence in the light most favorable to the Government and drawing all inferences in its favor, the Court concludes that no rational juror could find the defendant guilty beyond a reasonable doubt. *E.g., United States v. Perkins,* 470 F.3d 150, 160-61 (4th Cir.), *cert. denied,* 127 S. Ct. 197 (2006); *United States v. Burgos,* 94 F.3d 849, 862 (4th Cir. 1996) (*en banc*); *United States v. Tresvant,* 677 F.2d 1018, 1021 (4th Cir. 1982). While in the ordinary case this standard is a low

bar – usually no more than a speed bump for the Government – here, Defendant submits, there are compelling reasons his prospective Motion should be granted.

Seven Counts of the Fourth Superseding Indictment charge Mr. Martin with committing federal offenses.  For ease of analysis these counts can be divided into "conspiracy counts," "murder counts" and "firearms counts."  The only murders in which Mr. Martin has been charged, or in which the Government even alleges he is involved, are the killings of two brothers, Darryl and Anthony Wyche, on March 25, 2002.  Those offenses are at the heart of most of the charges against Mr. Martin.

Counts 1 and 8 charge that Mr. Martin participated in two conspiracies.  Count 1 asserts that from 1994 through and including August 18, 2006, Mr. Martin conspired to conduct and participate in the affairs of the Randallstown/Park Heights organization, an alleged RICO "enterprise," through a pattern of racketeering activity, which included matters related to the murders of the Wyche brothers (racketeering acts 3 through 5), and a drug conspiracy (racketeering act 9) to deal in specified drugs from in or about 1994 through in or about February 2004.  Count Eight restates racketeering act 9 as a stand-alone offense, charging that during the identical period Mr. Martin and his Codefendants conspired to deal in the same drugs.  21 U.S.C. § 846.

Counts 5 and 6 are the "murder counts."   They charge Mr. Martin with murder and felony murder of Darryl Wyche (Count 5) and Anthony Wyche (Count 6) under Maryland law, in order to gain entrance to, or maintain or increase his position in the RICO enterprise, or in consideration of the receipt or promise of receipt of value from the enterprise for his actions.  18 U.S.C. § 1959(a)(1) and (5), and former Ann. Code of Md., art. 27, §§ 407, 410, 411A, 486 and 487.

Of the three "firearms counts," Count 12 charges that Mr. Martin, and each of his Codefendants, possessed and discharged a firearm in furtherance of both the murders of Darryl and Anthony Wyche and of the drug conspiracy. 18 U.S.C. § 924(c). Counts 13 and 14 charge that in connection with the Count 12 firearms offense, Martin and each of his Codefendants participated in the premeditated murders and robberies of Darryl Wyche (Count 12) and Anthony Wyche (Count 13). 18 U.S.C. §§ 924(j) and 1111

The evidence that Mr. Martin was a principal or aider and abetter in the murders of Darryl and Anthony Wyche does not rise to the level of speculation or conjecture. Although the Government gets the benefit of the doubt on many matters in a Rule 29 motion, it must still have "substantial evidence" of guilt. *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). The Government's evidence is essentially: information about telephone conversations between a cell phone in Mr. Martin's name and a landline telephone and cell phones allegedly used by his Codefendant Willie Mitchell, particularly on March 24, 2002; matters related to unintended transmission of a conversation from a cell phone Darryl Wyche supposedly used before his death to the voicemail of a landline telephone of Mr. Wyche's mother-in-law, Irene Magginson; and the appearance of the name "Weaze" in "raps" on Harris's CD "Pure Shit."

The Government's telephone record evidence is summarized in Government Exhibit 66 and shows nothing about Mr. Martin other than the fact that on March 24, a cell phone to which Mr. Martin subscribed was involved in a few conversations with a "Mitchell cell phone" ending at 9:34 p.m. that evening. The "Mitchell cell phone" thereafter called the "Martin cell phone," but those calls were not answered but, rather, routed into the "Martin cell phone's" voicemail box. The "Martin cell phone" placed 4

3

calls in rapid succession to a "Gardner cell phone," ending at 9:51 p.m., each of which went into the "Gardner cell phone" voicemail. The "Martin cell phone" made and accepted no calls between 9:51 and 11:37, at the end of which period it accepted a call from the "Gardner cell phone." It neither made nor accepted any calls throughout the remainder of the time shown on Government Exhibit 66. In fact, Detective Gary Niedermeier testified that the "Martin cell phone" was inactive until about noon the following day, March 25.

      As Detective Gary Niedermeier also indicated in his testimony, it is significant that the "Martin cell phone" was one to which Mr. Martin subscribed in his own name. Detective Niedermeier correctly noted that individuals involved in crimes typically use fraudulent cell phones obtained in the name and through the credit of an innocent person or organization, or "burner" cell phones which are valid for a specified number of minutes, but have no subscriber.

      As Detective Niedermeier also testified, both Martin and Lakeisha McCoy related that Martin had taken McCoy to a movie on the evening of her birthday, March 24, 2002. Detective Niedermeier later verified these facts, obtaining a signed charge receipt for two admissions to the movie that began at 10:00 p.m. (Government Exhibit W-30) and, thereafter, confirmed that the two tickets were charged to Mr. Martin's credit card, and that March 24 was indeed Ms. McCoy's birthday. Although it would not have been impossible for Mr. Martin to have gone from the movie theater to the murder scene before the Wyche brothers' demise, estimated to have occurred in the early morning hours of March 25, roughly between 12:33 a.m. and 12:38 a.m., the facts indicate that it is improbable he did so.

The voicemail recording (Government Exhibit W-32) does not implicate Mr. Martin.  Although the Court has remarked that it has heard the phrase "Shit Wayne" on the recording, there is little evidence of Mr. Martin's presence.  Natasha Wyche and Dwayne Denham have said that his voice might be on the recording, but both testified they could not say so positively.  (It is of note that Mr. Denham, an admitted perjurer, had not spoken with Mr. Martin in about a decade.)  On the other hand, government witness Darryl Bacon, who had spoken to Mr. Martin very recently and frequently, including conversations over the telephone, testified that Mr. Martin's voice was not on the recorded transmission.  Rodney Hayes, another government witness with extensive contacts with Willie Mitchell and Shelton Harris, has identified their voices on the recording.

Finally, Mr. Harris' "raps" (Government Exhibit SD-2) mentioning the street name "Weaze" add nothing to the Government's case against Mr. Martin.  The name "Wayne" nowhere appears.  The portion of the rap where Harris describes the hierarchy of the group does not mention Martin, Wayne or "Weaze."  While it later says that Weaze is "on lock" and "on lockdown," this Court has properly instructed the jury that the fact that a defendant has been arrested or detained is not evidence which it may consider in assessing guilt.

By itself, the lack of any substantial evidence that Martin participated in the murders of the Wyche brothers, either as a principal or as an accessory, precludes his convictions of the firearms offenses charged in Counts 12 through 14.  So too does the fact, discussed below, that Mr. Martin was not involved in the RICO enterprise or the

drug conspiracy charged in the Fourth Superseding Indictment.  Proof of one or the other is also required for conviction under each of the "firearms counts."

The state of the evidence requires entry of judgments of acquittal on Counts 1 and 8, the RICO and drug conspiracies.  With respect to them, Mr. Martin respectfully refers the Court to the excellent explication of the facts and law in Codefendant Harris' Memorandum of Law in Support of his Motion for Judgment of Acquittal" (hereafter "Harris Memorandum").  The evidence simply fails to establish the single ongoing, continuing enterprise with a persisting core during the twelve year period the Fourth Superseding Indictment charges for the RICO enterprise, or for any period reasonably related to the asserted twelve year span.   *See* Harris Memorandum at 9 – 11.  In addition, as the Harris Memorandum candidly admits, although ShakeDown Enterprises may be an organization in which Mitchell and Harris participated, there is no evidence that Martin or Gardner did so.  *Id.* at 10.

Similarly, the evidence fails to establish either the single RICO conspiracy charged in Count 1, *see* Harris Memorandum at 8 – 9, or the single drug conspiracy charged in Count 8.  At most, the evidence shows several *different* conspiracies, none of which even arguably persisted for the twelve and ten year periods the Fourth Superseding Indictment alleges, or reasonably related periods.  *See generally* Harris Memorandum at 2 – 7.

For the reasons stated, and for such additional reasons as may become apparent during the remainder of the Government's case or asserted when Defendant makes his oral motion or during argument thereon, Defendant submits that the Court should enter

judgments of acquittal in his favor for the offenses charged in Counts 1, 5, 6, 8 and 12 through 14.

                          Respectfully submitted,

                          _____/s/_____
                          Thomas L. Crowe
                          Law Offices of Thomas L. Crowe
                          1622 The World Trade Center
                          401 East Pratt Street
                          Baltimore, Maryland 21202
                          (410) 685-9428

                          _____/s/_____
                          James G. Pyne
                          405 Allegheny Avenue
                          Towson, Maryland 21204
                          (410) 321-5500

                          Attorneys for Shelley Wayne Martin

November 7, 2008