**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Criminal No. AMD-04-029** |
| : | |
| **WILLIE MITCHELL, et al.** : | |

...oooOooo...

**GOVERNMENT'S MOTION IN LIMINE**

The United States of America, by and through its undersigned counsel, submits this Motion In Limine on the issue of prospective extrinsic evidence of the defendants.

On November 13, 2008, Mr. Coburn indicated in open court that his client has a letter from Darryl Bacon. Mr. Coburn indicated that his client had the letter for a long period of time because Coburn has been trying to get it since before the trial. Subsequently, Mr. Coburn has made it clear that he intends to recall Mr. Bacon.

The government moves to preclude introduction of this letter for violation of Rule 16.(b)(1)(A). The rule expressly provides that the defendant must turn over copies of any such evidence "within the defendant's possession, custody, or control." *Id.* The Rule is not directed at defense counsel. It expressly requires production of materials in the defendant's possession, and the government made its discovery demand well before the start of trial.

Furthermore, if defense counsel is seeking to use the letter to attack Bacon's "character for truthfulness," he cannot do so, because Fed. R. Evid. 608(b) expressly prohibits the use of such evidence except on *cross*-examination of a witness. The Rule would be a nullity if it allowed a party to introduce extrinsic character evidence by simply recalling the witness as part of the same party's case and moving it into evidence on direct.

The government has already pointed out a similar issue raised by counsel for Willie

Mitchell with respect to Natasha Wyche.  Ms.  Rhodes denied any intention of introducing such extrinsic character evidence but then put the government on notice of intent to recall Natasha Wyche.  The government points out that the extrinsic evidence cannot be used against Wyche if she testifies in Mitchell's case for the same reason the Bacon letter cannot be used as part of Gardner's case.

        Respectfully submitted,

        Rod J. Rosenstein
        United States Attorney

By:\_\_\_/s/_____
        Robert R. Harding

\_\_/s/_____
Michael C. Hanlon

Assistant United States Attorneys
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

## **CERTIFICATE OF SERVICE**

    This is to certify that on this 14th day of November, 2008, a copy of the foregoing **GOVERNMENT'S MOTION IN LIMINE** was electronically filed and served and sent by e-mail:

| | |
|---|---|
| Michael Lawlor, Esquire<br>Suit 704<br>6305 Ivy Lane<br>Greenbelt, MD 20850-5306 | Laura Kelsey Rhodes, Esq.<br>Albright & Rhodes<br>200-A Monroe St.  Suite 305<br>Rockville, MD 20850 |
| Gerard P. Martin, Esquire<br>25 S. Charles Street, Suite 2115<br>Baltimore, MD 21201 | Paul Flannery, Esq.<br>25 S. Charles Street, Suite 2115<br>Baltimore, MD 21201 |
| Thomas Crowe, Esquire<br>1622 The World Trade Center<br>401 E. Pratt St.<br>Baltimore, MD 21202 | James Pyne<br>305 W. Chesapeake Ave.<br>Suite 209<br>Towson, MD 21204 |
| Barry Coburn, Esquire<br>1350 Connecticut Avenue, N.W.<br>Suite 300<br>Washington, D.C.  20036 | Adam Kurland, Esquire<br>2900 Van Ness Street, N.W.<br>Washington, D.C.    20008 |

                                                          ____/s/_____<br>
                                                          Robert R. Harding<br>
                                                          Assistant United States Attorney