IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Criminal No. AMD-04-029** |
| **SHELTON HARRIS,** *et al.* | * | |

\* .*   *   *   *   *   *   *   *   *   *   *   *

## DEFENDANT SHELTON HARRIS' MOTION FOR MISTRIAL

Defendant Shelton Harris, by and through his attorneys, Gerard P. Martin and Paul M. Flannery, hereby moves this Honorable Court for an Order granting a mistrial, and states:

On the evening of November 18, 2008, following the close of evidence at trial, counsel for the government, the defense, and the Court were conducting the charging conference in this case. The defendants had been excused prior to the beginning of the charging conference.

During the conference, a deputy U.S. Marshal returned to the courtroom and informed the Court that defendant Harris had been involved in an altercation in the courthouse lockup. The Court informed all counsel that defendant Harris, after having his handcuffs removed that evening while in the lockup, allegedly threw a punch and made grazing contact with a deputy U.S. Marshal. A physical altercation followed in order to restrain defendant Harris, and deputy U.S. Marshals ultimately used a taser device on defendant Harris. The deputy U.S. Marshal reporting the incident to the Court informed the Court and counsel that defendant Harris sustained facial injuries in the altercation, and his lip and face were swollen and bleeding.

Over objection, the Court ordered defendant Harris be precluded from attending the remainder of trial. Defendant Harris was absent for two days of closing argument and one day of jury instructions. The Court informed the jury on the first day of defendant Harris' absence that he had sustained minor injuries the night before and would not be present that day.

The following day, counsel for defendant Harris renewed their objection to his absence. That day, the jury inquired of defendant Harris' whereabouts, and the Court thanked the jury for the their concern, informed them that defendant Harris' appreciated their concern, but that he would not be present again in the courtroom that day.

On December 4 and 5, 2008, counsel reconvened in the courtroom to respond to jury notes. The defendants, including Mr. Harris, were present each day. Defendant Harris remained in leg shackles throughout each of these sessions.

One of the most basic rights guaranteed by the Sixth Amendment's Confrontation Clause is the "accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen*, 397 U.S. 337, 338 (1970). The Supreme Court has recognized that a trial court may alternatively shackle a defendant in response to concerns over courtroom decorum and security rather than order the defendant removed altogether. *See id.* at 343-344.

Here, the Court could have, and in fact ultimately did, order defendant Harris to be placed in leg shackles as an alternative to being removed from the courtroom. For three days of trial, including closing argument, defendant Harris was not present for the jury. The court did not conduct any specific fact-finding prior to ordering defendant Harris' removal, absent accepting at face value the account of the event according the U.S. Marshals' Service. *See, e.g., U.S. v. Honken*, 378 F.Supp.2d 1010, 1030 (N.D.Iowa 2004)("Indeed, other Circuit Courts of Appeals have expressly held that the *court* must make the determination of whether or not to use restraints on a defendant at trial; that decision cannot be deferred to corrections officers or the United States Marshals Service")(emphasis in original).

The fact that the jury felt the need to inquire as to defendant Harris' whereabouts exemplifies their notice and concern over his absence. Furthermore, given the government's insistence on admitting into evidence prior instances of the defendants' obstreperous conduct in

its case in chief, defendant Harris' absence was prejudicial and no doubt resulted in the jury's negative inference that defendant Harris was involved in some sort of bad conduct that precluded his presence at trial. Accordingly, defendant Harris moves the court for an Order granting a mistrial.

Respectfully submitted,

_____/s/_____
Gerard P. Martin (Fed. Bar No. 00691)
Paul M. Flannery (Fed. Bar No. 28574)
Rosenberg | Martin | Greenberg, LLP
25 S. Charles Street, Suite 2115
Baltimore, Maryland 21201

*Attorneys for Defendant Shelton Harris*