# ROSENBERG I MARTIN I GREENBERG, LLP

25 South Charles Street, Suite 2115 Baltimore, Maryland 21201-3305 T 410.727.6600 F 410.727.1115 rosenbergmartin.com

Gerard P. Martin                                                                                    gmartin@rosenbergmartin.com
(410) 547-8764

March 25, 2009

## VIA ELECTRONIC CASE FILING

Honorable Andre M. Davis
United States District Court
    for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

> Re:   *United States v. Shelton Harris, et al.*
>        Criminal No. AMD-04-029

Dear Judge Davis:

This letter serves as Mr. Harris' response to the government's letter to the Court dated March 23, 2009, concerning the issues raised at Mr. Harris' sentencing on March 20, 2009.  To be brief, we agree with the government's position that for sentencing purposes Mr. Harris' convictions under 18 U.S.C. § 924(c) (Counts 9, 10, and 12)(collectively, the "924(c) convictions") merge into those under 18 U.S.C. § 924(j) (Counts 11, 13, and 14)(collectively, the "924(j) convictions").  We also agree that the sentence imposed under the § 924(j) convictions should run consecutive to the life sentence the Court imposed for Mr. Harris' convictions on the other counts of the Fourth Superseding Indictment ("FSI").   However, contrary to the government's assertion in its letter, the § 924(j) convictions do not require the Court to sentence Mr. Harris to an additional three consecutive life sentences.  In fact, other than correcting what amounts to a clerical error, Mr. Harris' sentence of life without parole plus a consecutive sixty years is proper and should not be modified by the Court.

The government is simply incorrect that the Court is "required" to impose consecutive life sentences on the § 924(j) convictions.  § 924(j) provides in relevant part that:

> A person who, in the course of a violation of [18 U.S.C. § 924(c)], causes the death of a person through the use of a firearm, shall-
>
> (1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life . . .

The plain language of the statute clearly allows for a sentence of "*any* term of years."  *Id.* (emphasis added).  The Fourth Circuit has held that § 924(j) "incorporates only the *definition* of murder contained in 1111."  *U.S. v. Young*, 248 F.3d 260, 274-75 (4th Cir. 2001)(emphasis in original).  "This interpretation prevents a first-degree murder conviction under § 924(j) from becoming a de facto mandatory minimum life sentence."  *U.S. v. Ostrander*, 411 F.3d 684, 688

(6th Cir. 2005)(relying on the Fourth Circuit's interpretation of § 924(j) in *Young*).   The
government's arguments to the contrary, absent citation to any authority, do not compel a
different interpretation.

Indeed, although it could have, the Court already decided that it is not going to impose
consecutive life sentences upon Mr. Harris. Notwithstanding the issues of merger as described in
the government's letter, it was undisputed at Mr. Harris' sentencing that the sentences for the
§ 924(c) convictions were to run consecutive to the sentence imposed on the other counts of the
FSI.    Although § 924(c) specifies certain mandatory *minimum* sentences, it prescribes no
mandatory *maximum*.   The Fourth Circuit has recognized that the maximum sentence for any
§ 924(c) conviction is life imprisonment.  *U.S. v. Cristobal*, 293 F.3d 134, 147 (4th Cir. 2002),
*citing U.S. v. Harris* 243 F.3d 806, 809 (4th Cir. 2001).   Thus, the Court could have sentenced
Mr. Harris to consecutive life sentences instead of sixty years on the § 924(c) convictions alone.
The Court decided not to, questioning the propriety of imposing multiple life sentences for the
murder of a one individual.   As the foregoing makes clear, the Court it is not required to now
impose life sentences under § 924(j).

Mr. Harris' conviction should stand as it is, but be corrected clerically so that the
consecutive sixty years currently imposed are to be served on the § 924(j) convictions rather than
the § 924(c) convictions.   We recognize, as does the government, that the foregoing analysis has
no practical effect on the time Mr. Harris will serve under his sentence.    However, the
government's argument that the Court "has no discretion" but to now impose consecutive life
sentences instead of sixty years is flatly wrong; this is not what the law requires.

I appreciate Your Honor's time and consideration of these matters.

Very truly yours,

/s/

Gerard P. Martin

GPM/camb
296888.01
Cc:  All Counsel (via ECF notice)