# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Criminal No. JFM-04-029 |
| v. | * | Civil No. – JFM-13-110 |
| | * | |
| WILLIE MITCHELL | * | |

******

## MEMORANDUM

Willie Mitchell has filed this motion to vacate his sentence under 28 U.S.C. § 2255. He alleges that his counsel was ineffective in not requesting a "*Remmer* hearing" in light of a note sent to the court by juror #6.

The same issue was raised by one of Mitchell's co-defendants in a motion filed by the co-defendant under 28 U.S.C. § 2255. As stated in footnote 2 of this court's opinion, denying the motion to vacate filed by the co-defendant, his claim is without merit. As stated in the relevant portion of footnote 2:

> On February 28, 2013 Gardner filed a "motion to amend and amended motion to vacate" in which he asserted yet another ground for relief: that his counsel were ineffective in not requiring a hearing under *Remmer v. United States*, 347 U.S. 227 (1954) concerning a note sent to the judge by a lawyer. The note, from juror #6, stated that his coworkers were teasing him good naturedly about serving on a jury so long "but at least the case was interesting" to which his boss replied "Yeah, but the defense is bogus." In the letter the juror stated that he promptly scolded his supervisor for saying anything and left the table. She apologized and said she was kidding. The juror went on to say that the supervisor's comment "didn't bother or affect me one way or the other but I felt like I should bring it to your attention." . . . [I]n light of the fact that the juror stated that he had not been affected by the conversation, no hearing was required.

A separate order denying Mitchell's motion is being entered herewith.

Date: 5/17/17

J. Frederick Motz
United States District Judge

1